STATE OF MISSOURI, Respondent, *v.* GEORGE HARROLD, Appellant.

1. *Criminal Practice—Evidence.*—Upon the trial of a party accused, evidence to show that the defendant has committed other crimes than those charged in the indictment is not admissible; but if the evidence offered directly tends to prove the particular crime charged, it is to be received, although it may also tend to prove the commission of another, separate and distinct offence.

2. *Criminal Practice—Instructions—Supreme Court.*—The Supreme Court will not reverse a judgment upon the ground of error in refusing instructions asked, where the instructions given by the inferior court fairly present the law of the case to the jury.

*Appeal from St. Charles Circuit Court.*

*R. L. Farnsworth, D. D. Fisher* and *E. W. Ewing*, for appellant.

*Orrick* and *Dyer*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The appellant was indicted for burglary and larceny in the Montgomery Circuit Court, and at his instance a change of venue was granted to St. Charles county. On a trial in the St. Charles Circuit Court he was convicted and sentenced to the penitentiary, and he has appealed from the judgment to this court. The admission of illegal evidence, and the giving of improper instructions for the State, and the refusal to give proper instructions for the appellant, are alleged as grounds against the conviction and in support of a reversal of the judgment.

The evidence against the accused was wholly circumstantial, and consisted, among other things, of tracking four men (there being a slight snow on the ground) from the place where the burglary and larceny was committed to the house of one Spartan Mansfield, where the prisoner and three other men, who are all jointly indicted, were found. No other person at that time was on the premises. The search was made and prosecuted the next morning after the offence

took place, and on the premises were found a part of the articles stolen from the house at the time of the burglary.

On instituting a further examination, a lot of burglars' tools were found secreted in a stable a short distance from the house, and at another place divers other articles not mentioned in the indictment. The prisoner objected to all testimony regarding the burglars' tools and the other articles not named in the indictment, but the court overruled the objection and admitted the evidence.

The case of the State v. Wolf, 15 Mo. 168, much relied on by the counsel for the appellant, has very slight if any application to the case at bar. That was an indictment for larceny, and the attempt was made to fasten guilt upon the accused by the fact of possession, when the truth was that the stolen property was found on the premises where he was merely employed as a laborer. And the court rightfully held, that when various articles of property other than those mentioned in the indictment are found in the defendant's possession, there may be some pretext for proving them to be stolen in order to fix a guilty knowledge on him; but when the things stolen were found in the possession of another, with whom the defendant had been living a short time as a hired hand, such evidence is not admissible. As a general rule it is not permissible to show that the accused has committed other crimes of the same kind as the one for which he is being tried; as for example, if he is being tried for larceny, to show that he has committed, at other times and places, other and disconnected larcenies; or for riot, to show that he has been engaged in other riots; or for the murder of a particular person by poison, to show the poisoning of another at another time and place—State v. Goetz, 34 Mo. 85; 1 Bish. Crim. Proc. § 490, and authorities cited. But the doctrine thus stated and laid down is not carried so far as to exclude evidence which has a direct tendency to prove the particular crime for which the prisoner stands indicted. If the evidence offered has this direct tendency, it is to be received, though it also tends to prove the commission of

another, separate, and distinct offence—1 Bish. Crim. Proc. § 491 ; Stout v. People, 4 Parker C. C. 71, 132 ; Heath v. Commonwealth, 1 Rob. (Va.) 735 ; Higgins v. The State, 7 Ind. 549 ; Haskins v. People, 16 N. Y. 344 ; Burr v. Commonwealth, 4 Grat. 534 ; Rex. v. Long, 6 Carr. & P. 179.

The evidence adduced on the trial, of the finding of the burglarious implements and the other goods not mentioned in the indictment, was not offered for the purpose of showing the prisoner guilty of another and separate offence, whatever tendency it might have had that way. The prisoner stood charged with burglary and larceny ; immediately after the commission of the crime four men were tracked in the snow to a certain house, where four men were found, the prisoner among the number ; the fruits of the crime were found on the premises together with the burglarious instruments : the whole formed a part of the history of the transaction, and as such was admissible for the consideration of the jury.

The instructions will now be briefly noticed. The court of its own motion gave five instructions. The first is in the usual form, instructing the jury "that if they believe from the evidence in the case," &c. The second is as follows:

" 2. Although the jury may be satisfied that the stolen property mentioned in the indictment, together with burglars' tools, were found in the house or stable and on the premises of Spartan Mansfield, and that the defendant was found the morning after the burglary and larceny at the house of Spartan Mansfield, yet they are instructed these facts are not sufficient of themselves to prove that the stolen property mentioned in the indictment was found in the possession of the defendant, and in the absence of any testimony showing defendant's ownership or control of the house and premises where the stolen property was found, or that he was residing with the family of Spartan Mansfield as an inmate thereof, the jury are instructed that defendant is not called on to explain or account for the stolen property being found on the premises of Spartan Mansfield.

" 3. If the jury entertain a reasonable doubt as to the guilt

or innocence of the defendant, they should give him the benefit of that doubt and acquit.

"4. The jury are the exclusive judges of the facts, and of the weight and credibility of evidence. The tracks, the finding of the stolen property and the defendant at the same place, and the conduct of the prisoner, are circumstances which may be considered by the jury in connection with other facts and circumstances in passing upon the question as to the guilt or innocence of the defendant.

"5. By a reasonable doubt is meant not a mere possibility of the defendant's innocence, but a real substantial doubt touching the guilt or innocence of the accused."

To the giving of the above instructions, numbered two, three, four, and five, the appellant by his counsel objected, and excepted at the time.

The appellant then asked the following instructions:

"1. The fact that the defendant is found at the dwelling-house of a person at ten o'clock A. M. the next day after goods have been burglariously stolen and concealed there the previous night, does not of itself prove that such property was in his possession, and he is not called on to account for such property being there.

"2. Where tracks are traced from the place of the commission of an offence to the house where the accused are found, and there is an exact correspondence proved between the tracks and the feet or shoes of the accused, yet only in point of superficial shape, outline and dimensions, and those of the ordinary character, it may serve to confirm a conclusion established by independent evidence, but cannot be in itself safely relied upon on account of the general resemblance of the feet and shoes of men; but if the jury in this case believe there was no exact correspondence between the tracks and feet and shoes of the accused, such evidence is wholly unreliable.

"3. The mere facts that burglarious tools were found concealed on the premises of one Spartan Mansfield, and that defendant was found at said Mansfield's house the next day

after the burglarious larceny had been committed by persons from such house the previous night, do not prove the defendant guilty of participating in such burglarious larceny.

"4. Before the jury can find this defendant guilty, he himself must be shown by proper evidence on the part of the State to have been an actual participant in the actual commission of the burglary and larceny, or present to render any required assistance therein ; and in the absence of such proof against the accused, the jury will disregard in this case all evidence of stolen property or burglarious tools found in the possession of other persons, or on the premises of Spartan Mansfield.

"5. The jury are instructed as matter of law, that, before they can find the defendant guilty, they must be convinced beyond a reasonable doubt that he is guilty as charged ; that they must so be convinced of the fact of his guilt, that they would be willing to act upon that conviction if it concerned them in matters of the highest importance to their own individual selves.

" 6. The 'jury are instructed that if there is a reasonable theory, consistent with the defendant's innocence, which is not overcome · by the evidence, they are bound to give him the benefit of it, and acquit him."

The court gave the second and sixth instructions, and refused to give the first, third, fourth, and fifth.

This court has often decided that it will not reverse where instructions are refused, although they present correct abstract propositions of law, provided the whole case has been fairly placed before the jury by other instructions. The second, fourth and fifth instructions, given by the court of its own motion, fairly and correctly embody the law as applicable to the facts developed by the testimony. The first and third instructions refused were substantially set forth in the second one given to the jury, and the fourth and fifth asked were, we think, rightly refused. The instructions given by the court of its own motion, together with the second and sixth which were given at the instance of the prisoner, pre-

sented the case to the jury in a remarkably favorable light for the accused.

The judgment is affirmed. The other judges concur.

Motion for re-hearing filed and overruled.