COMMONWEALTH *vs.* GEORGE DAY & another.

Essex. Nov. 5. — 26, 1884. FIELD & C. ALLEN, JJ., absent.

At the trial of an indictment on the Pub. Sts. c. 203, § 36, alleging the possession by the defendant of certain tools and implements named, designed and intended to be used by him for burglarious purposes, evidence that other tools and implements than those named in the indictment, designed for the purposes alleged, were found, with those named, in the possession of the defendant, at the time and place named in the indictment, is admissible.

At the trial of an indictment on the Pub. Sts. c. 203, § 36, alleging the possession by the defendant of certain tools and implements named, designed and intended to be used by him for burglarious purposes, evidence that the defendant had twice used the same or similar tools and implements in the commission of burglaries, once ten days and once about five months before the time of the offence alleged in the indictment, is admissible.

INDICTMENT on the Pub. Sts. *c.* 203, § 36, alleging that the defendants, on March 3, 1884, at Lawrence, " did feloniously and knowingly have in their possession certain tools and implements, that is to say, one sectional jimmy, one small jimmy, two pairs of handcuffs, twenty steel twist drills, one spatula, one push screw, twenty-five drills, divers and sundry steel wedges, one extension bit, one bit-stock, one bellows, seven tin spouts, one piece of rubber hose, sundry pieces of fuse, two cans each containing powder, one bottle containing powder, two dark lanterns, adapted and designed for cutting through, forcing, and breaking open houses, stores, shops, rooms, vaults, and safes, in order feloniously to steal, take, and carry away from the owner thereof any money and other goods therein found ; they, the said " defendants, " then and there knowing the aforesaid tools and implements to be designed and adapted for the purposes aforesaid, and with the intent then and there of said " defendants " to use the same for the purposes aforesaid, against the peace of the Commonwealth aforesaid, and contrary to the form of the statute in such case made and provided."

Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions, in substance as follows:

The government introduced evidence tending to prove the joint possession by the defendants of said tools, at the time and place named in the indictment. The defendants objected to the introduction of evidence tending to prove their possession of any other tools designed and adapted for the purposes alleged in the indictment except two dark lanterns, upon the ground that said lanterns were the only implements charged in the indictment to have been designed and adapted for the purposes therein named. But the judge permitted the government to offer evidence tending to prove the joint possession by the defendants of other tools and implements, some of which were and some of which were not alleged in the indictment.

The government was also allowed, against the objection of the defendants, for the purpose of showing that the defendants were confederates, and had the joint purpose and intent in the possession of said tools alleged in the indictment, to introduce evidence tending to prove that a burglary was committed by the defendants in Amesbury, on February 21, 1884; that another

burglary was committed by the defendants at Gloucester on October 1, 1883 ; and that, in the commission of these burglaries, tools were used which left impressions upon doors and safes similar to those which might be made with some of the tools claimed to have been found in the possession of the defendants at Lawrence on March 3, 1884.  The instructions of the judge in submitting the case to the jury were not excepted to.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*E. T. Burley & J. P. Sweeney*, for the defendants.

*E. J. Sherman*, Attorney General, for the Commonwealth.

W. ALLEN, J.   Section 36 of the Pub. Sts. *c.* 203, upon which the indictment is framed, prohibits the possession by any person of any tool or implement adapted and designed for certain purposes named, knowing the same to be adapted and designed for the purposes aforesaid, with intent to use or employ or allow the same to be used or employed for such purposes.   Evidence that other tools and implements than those named in the indictment, adapted and designed for the purpose alleged, were found, with those named, in the possession of the defendants, was not objected to otherwise than as included in the obviously untenable objection to the admission of evidence of the possession of any tools or implements except the two dark lanterns.   The evidence was, however, competent to show the character of the possession of tools and implements mentioned in the indictment.

So evidence that the defendants had twice used the same or similar tools and implements in the commission of burglaries, once ten days and once about five months before the time of the offence for which they were on trial, was competent to show the knowledge and purpose alleged in the indictment and necessary to be proved.   No objection was made that proper instructions were not given to the jury.          *Exceptions overruled.*