### PEOPLE *v.* MORGAN.

(*Supreme Court, General Term, Second Department.* February 11, 1891.)

BURGLARY—POSSESSION OF BURGLARS' TOOLS.·

On an indictment under Pen. Code N. Y. § 508, providing that if any one has in possession, in the day or night time, any tool or implements, adapted or commonly used for the commission of burglary or other crime, under circumstances evincing an intent to use them in the commission of crime, he shall be guilty, etc., it appeared that defendant was found loitering on the street at 1 o'clock in the morning, and when asked what he was doing refused to answer. He also made evasive and contradictory statements as to where he lived. There were found in his possession certain instruments which were adapted to burglary as well as to honest work. Defendant had previously been convicted of burglary. *Held*, that the evidence was sufficient to sustain a conviction.

Appeal from court of sessions, Kings county.

James E. Morgan, *alias* Thomas Morgan, *alias* Thomas Matthews, was convicted of having burglars' tools in his possession, and appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Jerry A. Wernberg*, for appellant. *James W. Ridgway*, Dist. Atty., for the People.

BARNARD, P. J. Section 508 of the Penal Code provides as follows: "Any person who makes or mends, or causes to be made or mended, or has in his possession, in the day or night time, any engine, machine, tool, false key, pick-lock, nippers, or implements adapted, designed, or commonly used for the commission of burglary, larceny, or other crime, under circumstances evincing an intent to use or employ, or to allow the same to be used or employed, in the commission of crime, or knowing that the same is to be used, shall be guilty of misdemeanor, and, if he has been previously convicted of any crime, he is guilty of a felony." Under this section of the Code, the grand jury of Kings county indicted the defendant for having in possession burglars' tools, adapted and designed to the commission of the crime of burglary, of which crime the defendant had been convicted in the city of New

York in the year 1885. It was proven on the trial that the defendant, at
about 1 o'clock in the morning, was standing on Madison street. He came
out from Madison street on Sumner avenue, in Brooklyn. He loitered about
this locality some 20 minutes, when a policeman crossed over, and asked why
he was loitering there at that hour in the morning. He refused to answer
the policeman. The police then asked for his place of residence. The defend-
ant's reply was that he lived in a house. When pressed as to the locality, he
replied Clynn street and Howard avenue and East New York, and he acted as
if he did not know where he lived. The policeman arrested him, and found on
him a hammer, a cold-chisel, and a file, which seemed also to be adapted for
use as a punch. These instruments could all be used in honest work, but it
was proven, also, that they were all adapted to burglary. The question of
fact was left to the jury as to the guilt of the accused, and he was found
guilty. The appellant claims that the tools must be of such a character that
they are adapted to burglary only. This is not the correct view of the stat-
ute. If the implements found on the person were adapted to the commission
of crime, and the circumstances justified a finding of an intent to use them
to commit crime, the statute covers the case, even if the implements or tools
could be used innocently in legitimate business. The demeanor and answers
of the accused, the time of night, the distance from his home, with the find-
ing of the implements secreted on his person, and being himself a convicted'.
burglar, taken as a whole, made out a plain case for conviction. The remain-·
der of the prosecution, in respect to the character of the tools and the use of
the language of the court of appeals in respect to the character of implements.
with which to commit crime, was legitimate and proper. The conviction.
should therefore be affirmed. All concur.