COMMONWEALTH *vs.* EDWARD CONLIN & another.

Suffolk.    April 3, 1905. — May 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Burglarious Implements.    Housebreaking.*

Two defendants indicted under R. L. c. 208, § 41, for having in their possession tools and implements designed for committing burglary with intent to use them for that purpose, properly may be found guilty if it appears that the implements described in the indictment were found in a bag, to which one of the defendants had a key, in a room hired by another person, that the defendants were in the house with that person on the day on which the bag was found and went out of the house with him and afterwards returned without him, asking for the bag, that they gave a false account of the whereabouts of the person who hired the room, and disclaimed all knowledge of the bag and its contents, that when asked what they used certain revolvers and fuses for they made no answer, and when asked what use they made of a certain rubber bag, afterwards shown to contain nitroglycerine, one of them jumped back in such a way as to indicate that he knew what was in it and made no answer.

INDICTMENT, found and returned in the Superior Court for the county of Suffolk on November 12, 1904, alleging that the defendants, Edward Conlin and Frank Nelson, on October 21, 1904, at Boston " did knowingly have in their possession certain engines, machines, tools and implements adapted and designed

for cutting through, forcing and breaking open buildings, rooms, vaults, safes and other depositories, in order to steal therefrom such money and other property as might be found therein, the said Conlin and Nelson knowing said engines, machines, tools and implements to be adapted and designed for the purpose aforesaid, and intending to use and employ them therefor."

The defendants were tried before *Holmes*, J. who refused certain requests of the defendants for·instructions as described in the opinion, and ruled as there stated. The jury returned a verdict of guilty against both defendants ; and the defendants alleged exceptions.

*M. J. Creed & J. P. Crosby*, for the defendants.

*F. H. Chase*, Second Assistant District Attorney, for the Commonwealth.

LATHROP, J. The statute under which the defendants were indicted, R. L. c. 208, § 41, had its origin in the St. of 1853, c. 194, and has been in force ever since. Gen. Sts. c. 161, § 34. Pub. Sts. c. 203, § 36. Since it was enacted but two cases under it have been before this court, *Commonwealth* v. *Tivnon*, 8 Gray, 375, and *Commonwealth* v. *Day*, 138 Mass. 186. The first case decided, among other points, that the offence could be committed in concert by two or more persons ; that it was not necessary to prove· either that the defendants were possessed of all the implements described, or that all of them were designed or adapted to effect the objects charged in the indictment; that it was not necessary that it should appear that the tools or implements were originally made or intended for an unlawful use, it being enough that they were suitable for the purpose ; and that the possession might be actual or constructive. Mr. Justice Bigelow then goes on to define constructive possession, as follows : " It would be proved by evidence that the implements were held by one for himself and as agent for another ; that they were jointly bought and owned, but kept by one only, or procured and held by one by mutual agreement or at the request of another ; or that they were deposited in some place mutually agreed on, to which either could resort at pleasure." There is another point decided in the case, to which we shall refer later.

The case of *Commonwealth* v. *Day*, 138 Mass. 186, has but slight application to the case before us.

The defendants filed numerous requests for instructions, none of which was given in terms, although some of them were covered by the charge, which dealt with the case fully and adequately.

The first three requests for instructions amount to a request that there was no sufficient evidence to warrant a verdict of guilty against either defendant. The defendants rely upon a point decided in *Commonwealth* v. *Tivnon, supra*, that proof of possession of burglarious implements by one person, he and another intending to use them in a joint undertaking, is not sufficient to show the possession of both. The jury were so instructed in the case before us. The jury also were instructed that if the defendants were merely messengers to obtain the bag they could not be found guilty. On the evidence in the case we are of opinion that the jury might have found that both defendants had constructive possession of the bag, and that it was in their control before it was interfered with by the police officers. There was evidence that the defendants had been in the house that day with Wright, who hired the room where the bag containing the implements was found, and went out with him. The key of the bag was found in Conlin's possession. The defendants came after the bag. Nelson was seen going out of the house a short time before he returned with Conlin for the bag. The defendants gave a false account of the whereabouts of Wright, and disclaimed all knowledge of the bag and its contents. When they were asked what they used the revolvers and fuses for they made no answer. When they were asked what they used the rubber bag for, Nelson "got back as quick as that," and made no answer. This bag was shown afterwards to contain nitroglycerine; and Nelson's action showed that he was well aware of what was in the bag.

The jury might well have found that the defendants were the owners of the bag and its contents, and employed Wright to hire the room and put the bag there, where it was subject to their control.

The other requests for instructions, so far as relied upon in the defendants' brief, are sufficiently covered by the charge.

*Exceptions overruled.*