[No. 19798. Department One. January 6, 1927.]

## THE STATE OF WASHINGTON, *Respondent*, v. JAMES FITZPATRICK, *Appellant*.[1]

[1] BURGLARY (2, 4)—POSSESSION OF BURGLAR'S TOOLS—INTENT. The jury may infer an intent to make criminal use of burglar's tools in his possession, where, at the time of his arrest, he had five dollars in nickels and nine false keys or picks commonly used to open collect-telephone boxes, especially in view of the statute making possession *prima facie* evidence of intent.

[2] CONSTITUTIONAL LAW (122)—DUE PROCESS—CRIMINAL PROSECUTIONS—STATUTORY CREATION OF OFFENSE. The legislative presumption of criminal intent from the possession of burglar's tools is not a denial of the due process and equal protection clauses of the constitution.

[3] BURGLARY (2, 22)—POSSESSION OF BURGLAR'S TOOLS—INSTRUCTIONS. In a prosecution for unlawful possession of burglar's tools, it is proper to instruct that if the tools were suitable for the purpose of breaking and entering burglariously, it is immaterial that they are also designed and adapted to honest and lawful uses.

[4] BURGLARY (2, 3)—POSSESSION OF BURGLAR'S TOOLS—INFORMATION. In a prosecution for possession of burglar's tools, it is not error that the information as to possession of false keys and pick locks referred, also, to "and other miscellaneous implements and tools" commonly used for burglary, which may be regarded as surplusage.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 13, 1925, upon

[1]Reported in 251 Pac. 875.

a trial and conviction of the unlawful possession of burglar's tools. Affirmed.

*John F. Dore* and *F. C. Reagan,* for appellant.

*Ewing D. Colvin* and *Cordelia M. Thiel,* for respondent.

MAIN, J.—The defendant was charged with the crime of having burglar's tools in his possession. The trial resulted in a verdict of guilty. A motion in arrest of judgment was made and overruled. Judgment was entered on the verdict and the defendant appeals.

At about four o'clock in the afternoon on September 27, 1924, appellant was arrested near the intersection of Fifth avenue north and Harrison street in the city of Seattle. At this time he had in one hand a package or envelope containing five dollars in nickels. He was taken to the police station and there searched. There was found in his pockets nine keys, seven of which were of the kind used to open telephone boxes in pay stations. These were false keys which had not been issued by the telephone company and did not have thereon the factory number. Two of the keys were what are called "picks," which are used by burglars for the purpose of picking locks.

The charge was laid under Rem. Comp. Stat., § 2582 [P. C. § 8775], which provides:

"Every person who shall make or mend or cause to be made or mended, or have in his possession in the day or night-time, any engine, machine, tool, false key, pick lock, bit, nippers or implement adapted, designed or commonly used for the commission of burglary, larceny or other crime, under circumstances evincing an intent to use or employ, or allow the same to be used or employed in the commission of a crime, or knowing that the same is intended to be so used, shall be guilty of a gross misdemeanor. The possession thereof except by a mechanic, artificer or tradesman

at and in his established shop or place of business, open to public view, shall be *prima facie* evidence that such possession was had with intent to use or employ or allow the same to be used or employed in the commission of a crime.''

[1] The appellant's first point is that his motion in arrest of judgment should have been sustained. This is based on the contention that the evidence fails to show an intent to use the articles mentioned in the commission of a crime. The answer to this is twofold. Under the facts stated the jury had the right to infer that the false keys and picklocks found in the appellant's possession were possessed by him with the intent to use them for criminal purposes. In addition to this the statute above quoted makes the possession of such things *prima facie* evidence of intent except in certain cases and the appellant does not come within any of the excepted classes.

[2] It is argued, however, that the statute is unconstitutional. In *Yee Hem v. United States,* 268 U. S. 178, quoting with approval from a prior decision of that court, it was held that a legislative presumption of one fact from evidence of another did not constitute a denial of due process of law or a denial of equal protection of law, when there was some rational connection between the fact proved and the ultimate fact presumed. In the present case it cannot be said that there is no rational connection between the possession of false keys and picklocks and the presumed intent to use them in the commission of a crime. In § 53, Underhill's Criminal Evidence (3d ed.), it is said:

''In some states statutes have been passed which cast upon the accused the burden of proving certain particular and specific facts which may arise under the indictment. These statutes generally provide that a certain act of the accused when proved shall be presumed to have been done with a criminal or illegal in-

tent. Thus it has been provided that one accused of burglary, must prove the innocent character of his entrance on the premises. And again, there are statutes which provide that the evidence of the sale of keeping of liquors shall be *prima facie* evidence that the sale or keeping was illegal. These statutes by which the jury are bound to infer that some act which would otherwise be an innocent act is proof of guilt until the accused shall convince them his act, was not criminal are constitutional."

[3] It is next contended that the trial court erred in instructing the jury in effect that, if the keys found in the appellant's possession were suitable for the purpose and could be used in the commission of the crime of burglary, it was immaterial that they were also designed and adapted for honest and lawful purposes. This was a correct statement of the law. *People v. Morgan,* 59 Hun 619, 13 N. Y. Supp. 448; *Commonwealth v. Conlin,* 188 Mass. 282, 74 N. E. 351; *O'Neill v. State,* 105 Neb. 824, 182 N. W. 503; *Commonwealth v. Tivnon,* 8 Gray (Mass.) 375, 69 Am. Dec. 248. In the case last cited it was said:

· "Nor do we think it necessary, in order to create the offense which the statute is designed to punish, that it should appear that the tools or implements were originally made or intended for an unlawful use. If they are suitable for the purpose, so that they can be used to break and enter burglariously, it is wholly immaterial that they were also designed and adapted for honest and lawful uses. A chisel or center-bit, though a tool in common use for ordinary purposes, is quite as efficacious in the hands of a burglar, to carry out his felonious intent, as a jimmy or a lock-picker, which is made for the sole purpose of being used to break and enter buildings."

[4] There is also a contention that the information was bad. It charges, among other things, that the appellant unlawfully had in his possession "false keys,

picklock and miscellaneous implements and tools"
adapted and commonly used for the commission of
burglary. The objection to the information is the
allegation with reference to "miscellaneous imple-
ments and tools." This may be regarded as surplusage
and the information still charge the crime, because it
alleges the possession of false keys and picklocks with
intent to use them in the commission of a crime and
this under the statute is sufficient. It is so well settled
by authority that the cases need not be here assembled
that, where an offense may be committed in different
ways or by different means, it may be charged in the
information to have been committed by more than one
of the ways or means specified.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and FULLERTON,
JJ. concur.