## CRABTREE v. STATE.

Ohio Appeals, 4th Dist., Lawrence Co.

Decided March 19, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**936. POSSESSION — 661. Intoxicating Liquor — 333. Criminal Law.**
On charge of possession of property designed for manufacture of liquor, proof of possession of large copper container, capable of use in distilling liquor, with no adequate explanation as to its possession, held sufficient to warrant conviction.

Error to Common Pleas.
Judgment affirmed.

Irish & Riley, Ironton, for Crabtree.
F. A. Ross, Ironton, for State.

FULL TEXT.

MAUCK, J.

Clarence Crabtree was charged with the possession of property designed for the manufacture of liquor. The property in question was a large copper container, manufactured to the order of Crabtree. It had no spigot. There was a large circular opening in the top with a flange there around made under the particular direction of the accused. The container itself, as well as the testimony of two of the witnesses, shows that the container is capable of use in distilling liquor. One of the witnesses says that: "It is what we call a design of a still; the base of a still."

It is manifest that this container could be used for any one of a multitude of purposes other than the manufacture of liquor, but it is not easy to discern any reason for which it could have been ordered by the accused in this case except for the manufacture of liquor. It cost twenty-three dollars. When one is in the possession of property capable of either legal or illegal use it must be presumed that it will be devoted to a legal use. It was incumbent upon the state to show, therefore, something more than the possession of this container in order to make a case. The record shows something more than naked possession. The testimony is the container was wrapped before it was removed from its place of manufacture so that its nature would not be readily discerned. This is, in our minds, not a weighty circumstance but a slight circumstance that the trial court perhaps considered. The most significant thing is that the defendant showed in chief, and it was corroborated by the defendant's testimony that his purpose in having this unusual container manufactured was to hold gasoline. He had made no arrangement for the purchase of gasoline. He had no spigot with which to withdraw it. He only believed that he could save a cent a gallon by buying gasoline in large quantities. He had no lid designed or in contemplation to prevent evaporation and no means of getting the gasoline from the container and into his machine except by dipping the same out with a bucket. In short, his whole story in this connection was incredible and the trial court took it as indicating guilt. He believed that the defendant lied upon the witness stand. We can not say that the trial court was wrong.

We do not find any close analogy between the facts in this case and those where one has been found in the possession of counterfeiting molds. There is, however, a close similarity between this case and those cases wherein convictions have been had of those charged with the possession of burglarious implements. A number of those cases have sustained convictions where the accused has been in the possession of property that might be put either to legal or illegal purposes where no adequate explanation has been given of such possession. Without reviewing a number of cases which we have examined in that respect we are content to cite People v. Morgan, 13 N. Y. Supp. 448. There was as much evidence and as satisfactory evidence in the instant case as there was in the Morgan case. We can not say that there was a failure of testimony or that the judgment was manifestly wrong.

(Middleton, P. J., and Thomas, J., concur.)