STATE *vs.* STEPHEN WIDENSKI.

JUNE 4, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

MURDOCK, J. A jury in the Superior Court found the defendant guilty of possessing certain instruments commonly called "burglars tools" in violation of Section 42, Chapter 401, G. L. 1923. The trial justice denied a motion for new trial and the case is before us on the defendant's exceptions, which may be summarized as follows: To the action of the Superior Court in overruling a demurrer to the indictment; to the admission of certain evidence; to the refusal of the trial judge to charge as requested, and to the refusal of the trial judge to grant a new trial.

The State offered evidence to the effect that on February 5, 1928, about 4 o'clock in the morning, police officers saw

defendant and a companion loitering in the vicinity of Division, School and Water streets, in the city of Pawtucket. As an officer in uniform approached the pair they ran into a yard where they separated. An officer pursued defendant who, while in flight, dropped the tools in question. The officer fired two shots in the air as a warning to the defendant to stop. When overtaken the defendant directed the rays of a flash light at the officer's face and attempted to get possession of the officer's revolver. When overpowered he threw the flash light into a sewer pocket whence it was later recovered by an employee of the sewer department.

The tools dropped by the defendant in his flight were a pinch bar and a screwdriver. The pinch bar is of the type commonly used by carpenters. It was designed for use in repair work, such as removing casings and tearing down partitions. It was therefore well adapted for use in forcing, breaking open or entering buildings. The screwdriver was 14½ inches long, of unusually heavy material and was likewise adapted to the same uses.

The proprietor of a store, in the vicinity of which the defendant was first seen, reported to the officer on the beat on the following morning that marks on the door of his store indicated that an attempt had been made to force the same and later in the day police officers fitted both the pinch bar and the screwdriver into these marks where they fitted perfectly.

The defendant took the stand in his own behalf and denied that he had ever possessed the tools in question or the flash light, and explained his presence in this locality by testifying that he and his companion had attempted to visit a house on Water street for the purpose of playing cards but were denied admittance; that when they walked down the stairs into the yard something was thrown at them whereupon they ran into another yard. The defendant testified that as he ran he heard pistol shots, saw someone pursuing him and that he jumped a fence to avoid being shot. He denied attempting to escape from the officer.

His companion testified substantially as the defendant as to their movements up to the point where they separated.

The defendant called in his behalf a carpenter who identified the screwdriver as belonging to him. He testified that he had use this screwdriver and a pinch bar similar to the one offered in evidence by the State in some work on a garage on Water street on February 4; that he left these tools on a bench in the garage which was open as the doors had not yet been hung.

The defendant's exception to the refusal of the trial judge to grant a new trial upon the ground that the verdict was against the evidence and upon the ground of newly discovered evidence must be overruled. The evidence presented a clear cut issue for the jury. The trial judge gave careful consideration to the motion for a new trial, as is evidenced by his well considered rescript, and the record on this aspect of the case contains nothing that takes it out of the rule laid down in *State* v. *Badnelley*, 32 R. I. 378.

But the defendant contends that the verdict is contrary to law because the tools were not made for burglars use but are ordinary carpenters tools. Section 42, Chapter 401, G. L. 1923, so far as the same is pertinent to this case, is as follows: "Sec. 42. . . . or has in his possession any engine, machine, tool, false key, pick lock, nippers, or implement of any kind adapted and designed for cutting through, forcing, breaking open or entering a building, room, vault, safe or other depository, in order to steal therefrom money or other property, or to commit any other crime, knowing the same to be adapted and designed for the purpose aforesaid, with intent to use or employ, or allow the same to be used or employed, for such purpose, shall be imprisoned not more than ten years."

We are of the opinion that it is not incumbent upon the State to prove that tools or implements possessed with intent to use them for an unlawful purpose must have been originally made or designed to be used unlawfully. If the tools are adapted and designed for breaking or entering into a building and are possessed with the intent to use them un-

lawfully for that purpose, such possession constitutes the offence denounced by the statute. It will be observed that the statute does not contain the words "burglars tools." It embraces, however, any implement or tool which might be used for the felonious purpose of breaking or entering a building. Ordinary carpenters tools such as those offered in evidence by the State are just as effective for felonious use as though they were originally designed and intended for that purpose. *Commonwealth* v. *Tivnon*, 8 Gray, 375. If the tools were originally intended for an innocent purpose, intent becomes the important element in an indictment brought for violation of this section. In this case there was ample evidence for the jury to find criminal intent.

The defendant's exceptions to the admission of the testimony relating to the test of the tools in question on the marks on the door where the defendant was first seen are without merit. This evidence was clearly admissible for such weight as the jury might give it, bearing on the question of intent to use these tools unlawfully.

The exception to the evidence relating to the flash light is also without merit. The flash light, while an instrument not adapted or designed for breaking or entering a building, is a very useful adjunct to tools that are so adapted and designed. As bearing on the question of intent, evidence relating to it was clearly admissible.

The defendant takes nothing by his exception to the refusal of the trial judge to charge that there was no evidence in the case that the tools were burglars tools within the contemplation of the statute.

The exception to the overruling of the demurrer to the indictment was not argued and therefore is considered to have been abandoned.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Charles P. Sisson, Attorney General, Sigmund W. Fischer, Fourth Assistant Attorney General,* for State.

*Flynn & Mahoney, James W. Leighton,* for defendant.