## TEXAS EMPLOYERS' INS. ASS'N v. WHITE.
### No. 3157.

Court of Civil Appeals of Texas. El Paso.
Feb. 21, 1935.

Rehearing Denied March 7, 1935.

Lawther, Cox & Cramer and Shelby S. Cox, all of Dallas, for appellant.

R. N. Grisham and Grisham Bros., all of Eastland, for appellee.

HIGGINS, Justice.

This is a suit by White, an electrician, to recover compensation under the Workmen's Compensation Law. While in the course of his employment by the Warner-Quinlan Company, White was accidentally injured on August 25, 1930, by a cut on his head and a cutting blow upon the knee cap of his right leg. The injuries disabled White until about September 20, 1930, when he returned to work and continued in service until the following Thanksgiving when he, with others, was taken out of service. He worked intermittently for others until he became incapacitated in March, 1933.

Briefly stated, the jury found:

(1) White sustained a personal injury in August, 1930, in Crane county.

(2) Such injury was sustained in the course of White's employment as an employee of Warner-Quinlan Company.

(3a) White is totally incapacitated to labor.

(3b) His condition of total incapacity is permanent.

(3d) His total incapacity commenced in March, 1933.

(4a) He is not partially incapacitated to labor.

(4b) His percentage of incapacity is 100 per cent.

(5) Plaintiff's incapacity to labor was caused by said personal injury sustained by him in August, 1930.

No. 6 fixed White's average daily wage at $5.35.

(7) This is a case wherein manifest hardship and injustice will result to White should the defendant fail to redeem its liability by the payment of compensation in a lump sum instead of in weekly installments.

(8) White's present incapacity has not been contributed to by both his injury in December, 1928, and his injury in August, 1930, or by the effect of both injuries.

(10) White's incapacity is not solely to his leg.

Upon such findings, judgment was rendered in White's favor for $6,352.41.

The sum awarded represented White's average weekly wage for 401 weeks from March, 1933, less the payments made immediately following the original injury in August, 1930, and less a discount of 6 per cent.

■ Appellant asserts the judgment is excessive. It is contended that under section 10, art. 8306, compensation for total incapacity is limited to 401 weeks from the date of the injury; that the date of appellee's injury was August 25, 1930, when he was disabled about four weeks; wherefore the compensation period should be computed from that date rather than from March, 1933, when plaintiff became totally and permanently incapacitated. If the compensation period is to be computed from August, 1930, as insisted by appellant, the judgment is excessive because plaintiff was not disabled from September 20, 1930, to March, 1933, and proper credit for that period should be allowed.

In section 6, of article 8306, R. S., as amended by chapter 60, § 1, p. 84, Acts 40th Legislature (Vernon's Ann. Civ. St. art. 8306, § 6), it is provided: "If incapacity does not follow at once after the infliction of the injury or within eight days thereof but does result subsequently, compensation shall begin to accrue with the eighth day after the date incapacity commenced."

Plaintiff's total incapacity commenced in March, 1933, and the quoted portion of the amendment fixes the eighth day after such date as the date plaintiff's right to compensation for such incapacity began to accrue.

In this connection, see Texas Ind. Ins. Co. v. Holloway (Tex. Civ. App.) 30 S.W.(2d) 921; Texas, etc., Ins. Ass'n v. Herron (Tex. Civ. App.) 29 S.W.(2d) 524; Jarrett v. Travelers' Ins. Co. (Tex. Civ. App.) 66 S.W.(2d) 415, and Indemnity Ins. Co. v. Williams (Tex. Civ. App.) 69 S.W.(2d) 519.

In our opinion the temporary incapacity of plaintiff from August 25 to September 20, 1930, does not defeat his right to have his compensation period begin when his total and permanent incapacity subsequently developed in March, 1933.

■ It is also insisted White's injury was only to his right leg, and he should be limited to compensation for 200 weeks as for the loss of a leg.

The evidence in behalf of White supports the view that the injury to the knee eventually caused chronic arthritis to develop; a condition which so affected him generally as to totally and permanently incapacitate him. Under such circumstances, the injury is treated as general and not confined to the specific member and compensation is not limited as for the loss only of such member. Texas Employers' Insurance Ass'n v. Ray et al. (Tex. Civ. App.) 68 S.W.(2d) 290; Standard Accident Ins. Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015, 1016; Southern Surety Co. v. Lacoste (Tex. Civ. App.) 7 S.W.(2d) 197, 199; Lumbermen's R. Ass'n v. Anders (Tex. Civ. App.) 292 S. W. 265.

Appellant questions the sufficiency of the evidence to support findings 3a, 3b, and 10. We regard the evidence as supporting such findings. There is no occasion to quote the same. Nor do we regard issue 3a as duplicitous.

Misconduct of the jury is charged. It appears that when the jury reached issue 3a for decision, eleven of the jurors favored an affirmative answer thereto. One of the jurors was confused as to the meaning of the phrase in the issue "totally incapacitated to labor," and was reluctant to return an affirmative answer to the issue because he thought it would result in a judgment in plaintiff's favor for a greater sum than he thought plaintiff should receive. Thereupon the jury, in writing, inquired of the Court: "If No. 3a is answered yes what amount would plaintiff receive?" The court advised the jury: "Gentlemen, you sent a communication in here to the Court asking 'If No. 3a is answered yes what amount would plaintiff receive'; now the court is not permitted to answer this question, and you are not concerned with the effect your answers may have to the judgment to be rendered in the case; only answer the questions in accordance with the instructions already given you."

Then, upon further consideration of the definition given in the charge of "total incapacity to labor," the said juror agreed to answer issue 3a in the affirmative. The juror would have been guilty of misconduct prejudicial to White if he had considered the legal effect of his answer to the issue and made a finding to carry out his purpose. But upon being informed by the court that the jury was not concerned with the effect of its answers, and further consideration of the definition in the charge of "total incapacity

to labor," the juror desisted from the misconduct of which he would otherwise have been guilty. Upon the facts stated, misconduct was not shown.

Affirmed.