**TEXAS EMPLOYERS INS. ASS'N v. GUIDRY.**

No. 2893.

Court of Civil Appeals of Texas. Beaumont.

April 2, 1936.

Rehearing Denied April 22, 1936.

Calhoun & Marcus, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

COMBS, Justice.

This is a compensation case. The appellee, O. Guidry, a steel erector's helper, was the injured employee; the Texas Company was the employer; and the appellant was the compensation insurance carrier.

The facts are undisputed and, so far as necessary to be stated here, are: On February 8, 1926, Guidry, while engaged in erecting some steel work, was knocked from a beam and fell to the ground, a distance of about fourteen feet, severely injuring his back. He suffered an immediate total incapacity for a period of about thirty days, after which he returned to work and continued to work until October 10, 1933, when he became totally and permanently disabled. Following the accident, on February 8, 1926, notice of the injury was promptly given and claim for compensation filed. Compensation was paid for three weeks, being the amount that Guidry was entitled to receive as a result of that period of incapacity. It is shown that at the time of the original injury the doctor diagnosed the extent of it as fractured ribs. When Guidry returned to work he continued to suffer some pain in the lumbar region of the back, the cause of which the doctor did not determine. Guidry kept working and in the course of time began developing a curvature of the spine and increasing pain and discomfort until, on October 10, 1933, his condition became such that he could no longer work. The doctor then had an X-ray picture of the spine made, when it was disclosed that Guidry had sustained a fracture of a lumbar vertebra, as a result of which the vertebra had gradually become displaced laterally, producing the curvature and an atrophication of the spine which greatly restricted its movement. It is shown without controversy that Guidry's condition was caused solely by the injury to his spine received in 1926, and that he became totally and permanently incapacitated as a result of it on October 10, 1933. The trial court entered judgment in Guidry's favor for compensation for 398 weeks, commencing October 10, 1933; that being 401 weeks less the three weeks of compensation paid to Guidry following the injury in 1926. Upon proper findings by the jury, compensation was ordered to be paid in a lump sum with the statutory discount for the unmatured payments.

Appellant contends that since appellee suffered a total disablement for thirty days on and after the accident, Feb-

ruary 8, 1926, the compensable injury insured against and the beginning of the period of compensation became fixed as of that time. Upon that premise appellant advances two legal propositions for a reversal and rendition of this case. It contends: First, that the maximum period of compensation recoverable under the statute for disability is 401 weeks from and after the date of the "injury"; that the "injury" or "compensable state of facts" in this case arose immediately after the accident, and no compensation can be recovered except for incapacity occurring during the period of 401 weeks from that time; and, second, that the cause of action sued upon arose on February 8, 1926, more than four years before the filing of this suit, and was therefore barred by the statute of limitations.

Appellant's first proposition calls for a construction of sections 10 and 6 of article 8306, Vernon's Ann.Civ.St. For convenience in discussion we will quote the two provisions in reverse order:

"Sec. 10. While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent of his average weekly wages, but not more than $20.00 nor less than $7.00 *and in no case shall the period covered by such compensation be greater than four hundred and one weeks from the date of the injury.*"

"Sec. 6. No compensation shall be paid under this law for an injury which does not incapacitate the employee for a period of at least one week from earning full wages, but if incapacity extends beyond one week compensation shall begin to accrue on the eighth day after the injury. The medical aid, hospital services, and medicines, as provided for in Section 7 hereof, shall be supplied as and when needed and according to the terms and provisions of said Section 7. *If incapacity does not follow at once after the infliction of the injury or within eight days thereof but does result subsequently, compensation shall begin to accrue with the eighth day after the date incapacity commenced.* In any event the employee shall be entitled to the medical aid, hospital service and medicines provided in this law. Provided further, that if such incapacity continues for four (4) weeks or longer, compensation shall be computed from the inception date of such incapacity."

The portions of the statute directly involved are indicated in italics. It is appellant's contention that section 10 generally fixes the maximum period during which compensation for total incapacity may accrue at 401 weeks "from the date of the injury" in all cases of total incapacity, and that section 6 merely sets up an exception applicable to those cases where "incapacity does not follow at once after the infliction of the injury or within eight days thereof but does result subsequently," and that since Guidry did suffer an immediate total incapacity following the accident, his case does not come within such exception.

We cannot agree with appellant's construction of the statute. Section 10 does not relate to the accrual of compensation or the time when or within which compensation shall become due and payable. Instead it deals purely and solely with the amount of compensation for total incapacity measured in terms of percentage of wages and weeks of incapacity. The following section, section 11, in similar terms specifies the amount to be paid for partial incapacity. Section 11 further provides "that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one weeks from the date of injury." The evident intent of the statute is to compensate the injured employee for the incapacity resulting from his injury and the accrual of the payments is contingent upon the occurrence of the incapacity. The two sections together fix the amount to be paid for all incapacity; in extent, whether partial or total, or both; and, in duration, whether temporary or permanent, or both. The "compensation period," in each instance, refers to the period of compensable incapacity measured in terms of weekly compensation payments. The amount or number of such payments to which the employee is entitled is to be determined by the number of weeks of incapacity, and not by the lapse of time or calendar weeks, from the inception of the injury.

As we have stated above, sections 10 and 11, which we have just discussed, have no reference to the accrual of the payments. The time when payments for incapacity shall accrue or become payable is the subject of section 6, above quoted. The first part of that section provides for the accrual of compensation in cases where the incapacity results within and extends beyond eight days from the date of the

accident, and the second portion deals with the accrual of compensation resulting subsequent to the expiration of eight days after the accident. We think it is plainly the intent of this section to fix the time of the accrual of compensation in each and every instance of compensable incapacity, and where claim is made for compensation payments it affords a standard of determining when the payments claimed begin to accrue. The term "incapacity" refers to the particular period of incapacity for which the compensation is then being claimed. In the case before us compensation is being claimed for a total and permanent incapacity commencing October 10, 1933, and since such incapacity did not commence within eight days after the accident, the payments began to accrue with the inception of the incapacity, October 10, 1933.

The trial court allowed compensation for 398 weeks from and after that time, deducting from the maximum period of 401 weeks the three weeks of compensation which had been paid in 1926. In our opinion that was the proper judgment to be entered.

In the case of Texas Employers' Ins. Ass'n v. White, 79 S.W.(2d) 911, 912, the El Paso Court of Civil Appeals had before it the same question we are considering. There, the employee received his injury on August 25, 1930, and suffered an immediate incapacity of about four weeks, and thereafter returned to work. He became totally and permanently incapacitated in March, 1933. In affirming the judgment of the trial court which awarded the claimant compensation for a period of 401 weeks, beginning with the eighth day after his total incapacity commenced, less the payments previously made to him for a temporary incapacity, Mr. Justice Higgins, speaking for the court said: "In our opinion the temporary incapacity of plaintiff from August 25 to September 20, 1930, does not defeat his right to have his compensation period begin when his total and permanent incapacity subsequently developed in March, 1933." Appellant suggests that the granting of a writ of error in that case by the Supreme Court places the correctness of that holding in doubt. Several other questions were involved in the case. We are advised that the writ was granted on the ground of alleged conflicts, and we think it a fair inference that these relate to some of the other points decided.

Counsel also calls our attention to the fact that the Supreme Court has granted writs in the cases of Texas Employers' Ins. Co. v. Jones (Tex.Civ.App.) 70 S.W. (2d) 791, and Indemnity Ins. Co. v. Williams (Tex.Civ.App.) 69 S.W.(2d) 519. Those cases involved the matter of seasonably giving notice and filing claim. In the instant case the matter of the giving of notice and the filing of claim, seasonably, are in no way involved. Here the question simply is whether or not accrual of compensation payments are limited to a calendar period of 401 weeks from the beginning of the first compensable incapacity. And in determining that question we do not deem it material whether the injury be considered as arising out of the compensable state of facts "which first entitles the claimant to compensation" (Texas Employers' Insurance Ass'n v. Fricker (Tex.Civ.App.) 16 S.W.(2d) 390, 394), or whether some other rule for determining the happening of the "injury" shall be adopted. In any case the payments here granted did not begin to accrue until the incapacity occurred. For an interesting discussion of the questions of time for the giving of notice and the filing of claim in compensation cases, and the determination of the time when the "injury" occurred as related thereto, see Texas Law Review for December, 1935, p. 19 et seq.

We think the construction which we have given the statutory provisions in question is in thorough keeping with the purpose and intent of the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.). It seems evident to us that in providing for compensation for incapacity and in making the compensation payments contingent upon the occurrence of the incapacity, the Legislature did not intend that the amount of compensation to be received by an injured employee should be conditioned upon his period of incapacity occurring all at one time or in consecutive weeks. The law deprived an injured employee of his common-law right of action wherein he could have asserted claim for probable future loss of earnings and substituted therefor a form of compensation payment dependent upon the incapacity actually resulting. Certainly it was not the intention of the lawmakers that an employee should have his compensation reduced, or, as in the case before us, almost completely denied him, merely because after a temporary and total in-

capacity he returns to work and subsequently suffers further incapacity. Under the law, as well as in morals and good conscience, it is the duty of an injured employee to return to work as soon as he is physically able to do so. The law itself provides that in compensating the employee for a subsequent period of permanent incapacity, weekly payments previously made to him as a result of the injury shall be deducted from the maximum allowable. We discover nowhere in the statutes any intent, express or implied, that an employee who is temporarily incapacitated and subsequently suffers a permanent incapacity shall have deducted, from the maximum compensation to be paid him, the weeks during which he was not incapacitated, and for which no payments were made to him by the insurer. Such would be the result of adopting the construction of the statute contended for by the appellant. It would work a manifest injustice by penalizing an honest and faithful employee who worked whenever he was physically able to do so. It would likewise offer a standing reward to the malingerer.

What we have said above, in effect, disposes of the appellant's contention that Guidry's claim was barred by the four-year statute of limitation. The claim for which this suit was instituted began to accrue or commenced October 10, 1933. Guidry could not have claimed the compensation any sooner, or made demand for its payment. He could not have maintained a suit for the collection of payments which had not begun to accrue, and which might never accrue. As regards the running of the statute of limitations, the cause of action does not accrue until facts have arisen which authorize the person asserting the claim to obtain relief from a court against the person liable. San Antonio Real Estate, Building & Loan Ass'n v. Stewart, 94 Tex. 441, 61 S.W. 386, 86 Am.St.Rep. 864; American Exchange Nat. Bank v. Keeley (Tex.Civ. App.) 39 S.W.(2d) 929, and cases cited.

Appellant, by its fifth assignment, complains of the court's failure to define "producing cause" in the issue submitted to the jury. Whether the failure of the court to define the term was error is immaterial. The evidence in this case established conclusively that appellee's incapacity was due solely to his injury. There was no evidence whatever that anything other than the original accident had anything to do with it.

Finding no error, the judgment of the trial court is affirmed.

## On Rehearing.

In its motion for rehearing appellant complains that the Industrial Accident Board determined only that the compensation period in this case was 401 weeks from February 8, 1926, and made no specific finding of total and permanent incapacity; and also that the issue relating to lump-sum settlement was improperly framed.

It is a sufficient answer to these contentions to say they were not raised by appellant's brief. We have discussed in the original opinion every proposition advanced by the appellant on this appeal.

Motion for rehearing is overruled.