## STATE v. LORTS.

No. 43905.

Supreme Court of Missouri.

Division No. 2.

June 14, 1954.

James J. Rankin, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Richard R. Nacy, Jr., Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Herbert J. Lorts appeals from a judgment imposing five years imprisonment for the possession of burglar's tools. The information was under the habitual criminal law . Sections 556.280, 556.290 RSMo 1949, V.A.M.S. and there was evidence sustaining this portion of the charge. Defendant has filed no brief. His motion for new trial questioned the sufficiency of the evidence; the admission of certain testimony; the argument for the State, and the sufficiency of the verdict.

Section 560.115 RSMo 1949, V.A.M.S., provides: "Any person * * * who has in his custody * * * any tool, * * jimmy, bit, or any material implement, instrument, or other mechanical device whatsoever, adapted, designed, or commonly used for breaking into any vault, safe * * * store, shop, office, dwelling house, or door, shutter or window of a building of any kind, shall be guilty of a felony," and, upon conviction, punished by imprisonment from two to ten years.

At 3:15 a. m. on the night of September 7, 1952, Officers August Ernst and Francis Mohan, of the Secret Service division of the St. Louis Police force, were cruising in a police car within the city of St. Louis and while driving in an alley saw George Russell and James Compton cross the mouth of the alley. A number of business buildings were in that vicinity. Officer Ernst recognized these men as associates of burglars. Russell and Compton walked up to the side of a dark gray Dodge coach parked about 15 feet west of the alley. The officers stopped their automobile and, as they walked over to investigate, Russell and Compton walked away. They placed Russel and Compton under arrest. The officers then started toward the Dodge coach. They could see no one in it. When they reached the Dodge coach and looked in they saw defendant lying on the front seat with his head beneath the steering wheel, and Edwin Smith and Martin Long slouched down on the back seat below the level of the glass of the automobile. The three men were awake. The officers placed the three men under arrest when they recognized them. They searched the automobile. On the floor under the steering wheel were two screwdrivers, one eight and the other nine inches long; and on the floor between the front and rear seat were two pinch or crowbars, one thirty-six and the other eighteen inches long. There was a white substance on the blade and sides of each crowbar.

There was testimony that crowbars were commonly used by burglars for opening doors, windows, safes and cabinets.

Edward Burgdorf, who owned the Dodge coach, testified that the two screwdrivers and two crowbars were not his property and were not in the automobile when he last saw it on September 6, 1952.

Hai Leong owned the Sea Isle restaurant in St. Louis. He had purchased a gray metallic safe from the Baumann Safe Company. The safe was approximately 30 inches high, 20 inches wide, weighed about 300 pounds, and had serial number C 230006 on it. This safe was missing when he entered his restaurant on September 5, 1952.

Officer Martin Semon received a radio call on September 5 or 6, 1952, and proceeded to an alley where he found a John Baumann Company's gray painted safe in the center of an alley, with its door pried off and placed near a shed about ten feet away. There were tool marks on the safe and door and safe cement or insulation on the ground. The safe carried serial number C 230006. It was taken to the Tenth District Police station.

Officer William Armstrong, whose duties with the Police department embraced the identification of firearms and tool marks, testified that he examined the safe at the police station and compared the marks on the safe with marks made by the crowbars found in the Dodge coach; and that the marks on the safe were the same type of marks as were made by the prying edge of the crowbars, especially the small crowbar, stating his reasons. He took some insulation, a fire resistant material, from the safe and delivered it to his superior, Clement Maise.

Clement Maise, the chemist and associate director of the police laboratory, testified that the white powdery substance on the blades and on the sides of the crowbars near the blades and the substance delivered to him by Officer Armstrong were identical upon spectographic and microscopic examination.

In separate numbered paragraphs of defendant's motion for new trial complaint is made of the admission of the testimony of witnesses Leong, Semon, Armstrong, and Maise because their testimony constituted evidence of a separate and distinct crime from that with which defendant stood charged and was in violation of his constitutional rights to be apprised of the charge against him.

■ Proof of the commission of separate and distinct crimes is generally not admissible; but evidence of other crimes is competent when, among other things, it tends to prove the motive or intent essential to establish the specific crime charged. State v. Hyde, 234 Mo. 200, 136 S.W. 316, 322[6], Ann.Cas.1912D, 191; State v. Cummins, 279 Mo. 192, 213 S.W. 969, 974; State v. Hotsenpiller, 359 Mo. 1031, 224 S.W.2d 1014, 1017[3]; State v. Shilkett, 356 Mo. 1081, 204 S.W.2d 920, 922[1, 2].

■ Screwdrivers and crowbars are intended for an innocent use and the intent accompanying defendant's possession of the tools was an important element of the offense on trial. A leading Missouri case on the possession of burglar's tools is State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 945[12–14], 103 A.L.R. 1301. We there held that the possession of burglar's tools under § 560.115, supra, must be had "with the general intent that they shall be used for a burglarious purpose"; and testimony that a few hours prior to defendant's arrest he and a companion had held up a cafe, taking five slot machines therefrom, was competent and admissible on the issue of the intent accompanying defendant's possession. State v. Medley, 360 Mo. 1032, 232 S.W.2d 519, 524[5–9]; 12 C.J.S., Burglary, § 70, page 756; 22 C.J.S., Criminal

Law, § 686, page 1100; 20 Am.Jur. 289, §§ 310, 313.

■ Under the authorities cited with approval in State v. Hefflin, supra, the above questioned testimony was admissible to prove the essential criminal intent. All the burglar's tools found in the automobile at the time the officers made the arrest were relevant and competent evidence. State v. Ferrone, 97 Conn. 258, 116 A. 336, 338[2]. The testimony of the larceny of Leong's safe and Officer Semon finding it in an alley, the similarity of the marks made by the crowbars found in the automobile with the marks on Leong's safe, and the similarity of the substance on the blades and sides of the blades of the crowbars with that of the insulation from Leong's safe tended to establish the possession of said tools for a burglarious purpose and was competent. Its weight was for the jury. State v. Widenski, 50 R.I. 148, 146 A. 407, 408[4]; State v. Ferrone, supra; Commonwealth v. Day, 138 Mass. 186, 188; Rex v. Hatch (1933), 24 Cr.App.Rep. (Eng.) 100, 105. These were links connecting the use of the tools found in the automobile with the larceny of the safe. Evidence tending to connect defendant with recent burglaries is competent. Commonwealth v. Day, supra (where the burglaries were committed ten days and five months prior to the arrest for possession of burglar's tools); Commonwealth v. Johnson, 199 Mass. 55, 85 N.E. 188, 189[2]; Fennen v. Commonwealth, 240 Ky. 530, 42 S.W.2d 744, 746[3]; State v. Kappen, 191 Iowa 19, 180 N.W. 307, 310[7].

■ Defendant complains of the statement of Officer Ernst that he knew Russell and Compton as associates of burglars, and his statement that the officers placed the men under arrest when they recognized them on the ground the remarks constituted an attack upon the character and reputation of defendant Lorts, which had not been placed in issue. In State v. Hefflin, supra, cases are cited with approval holding that the State may show to prove the burglarious intent that defendant is a burglar and thief, People v. Jefferson, 161 Mich. 621, 126 N.W. 829, 830, and that he associates with

burglars, People v. Howard, 73 Mich. 10, 40 N.W. 789, 790(1); Brown v. State, 22 Ohio Cir.Dec. 93. The testimony bore probatively on a constitutive element of the offense, the intent with which defendant possessed the burglar's tools. It related to a particular matter and not the general reputation of defendant. It was not character or reputation testimony. Being otherwise competent, relevant and material, the fact that the testimony might also tend to discredit defendant's character and that defendant had not put his character in issue would not be a valid ground for excluding the testimony. 22 C.J.S., Criminal Law, § 676, notes 29, 30, page 1071; §§ 600 et seq., page 918; 1 Wigmore, Evidence, 3d Ed., p. 712, § 215; Underhill, Criminal Evidence (1935), § 167, notes 47, 48; McKenzie v. State, 250 Ala. 178, 33 So.2d 488, 490; State v. Nugent, 71 Mo. 136, 141, 142. Consult State v. Harrold, 38 Mo. 496, 497; State v. Tunnell, Mo.Sup., 296 S.W. 423, 427; State v. Knight, 356 Mo. 1233, 206 S.W.2d 330, 333.

Defendant's counsel, in argument, referred to the safe and stated that the only inference to be drawn was that the officers were examining it for the burglary of the Sea Isle restaurant. The State's objection that the argument was outside of the record was overruled. Defendant's counsel continued: "That is the only inference to draw from it. We are not trying the Sea Isle restaurant burglary case here but you would think so the way this thing is going. * * * They never did have a case to prove, you see—to prove that Lorts was implicated in a burglary of the Sea Isle restaurant. How in the world did they expect you to believe this evidence was sufficient to convince you folks of the guilt of the burglary."

Referring to this argument of defendant's counsel, the State's attorney said: "Gentlemen, there might be no prosecution today for burglary but you can be sure there are other prosecutions. There's going to be a prosecution on burglary regardless * * *." Upon objection and request for a mistrial, the court sustained the objection, informed defendant's counsel he had opened up the subject in his argument, but refused to declare a mistrial.

An attorney for a defendant may not provoke a reply to his own improper argument and assert error thereon. "Where the argument complained of on appeal is retaliatory in nature and invited by the remarks and suggestions of appellant's counsel an assignment of error thereon will not be sustained." State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582, 588[9]. Furthermore, whether remarks made in argument necessitate a reprimand or a discharge of the jury rests largely in the discretion of the trial court. State v. Nichols, 327 Mo. 1237, 39 S.W.2d 777, 780; State v. Kennedy, Mo. Sup., 208 S.W.2d 193.

Defendant questions the sufficiency of the verdict. The jury found "defendant guilty of feloniously having in his custody instruments adapted and commonly used in breaking into a safe, buildings and dwellings with burglarious intent to so use such tools" and assessed his punishment at five years' imprisonment.

We have hereinbefore quoted the material portions of the statute prohibiting the possession of burglar's tools. The information charged an offense thereunder. It follows the information approved in State v. Oertel, 280 Mo. 129, 217 S.W. 64, 66[1]. Only one offense was charged and the meaning of the verdict (defendant's possession of burglar's tools with burglarious intent to use them) can be determined by reference to the information, or to the evidence and the instructions. It is sufficient to sustain the conviction. State v. Saussele, Mo.Sup., 265 S.W.2d 290, 293[4–10]; State v. Carter, Mo.Sup., 64 S.W.2d 687, 690[10]; State v. Villinger, Mo., 237 S.W.2d 132, 134 [6, 7]; State v. Millering, Mo.Sup., 111 S.W.2d 121, 122[4, 5]. A failure to refer to the information is not necessarily fatal to a verdict. State v. Wright, 342 Mo. 58, 112 S.W.2d 571, 575[10]; State v. Ward, 356 Mo. 499, 202 S.W.2d 46, 47[1]. That the jury disregarded the charge under the habitual criminal law did not prejudice defendant. State v. Held, 347 Mo. 508, 148

S.W.2d 508, 510[4–7]; State v. Preston, Mo. Sup., 184 S.W.2d 1015, 1017[8]; State v. Abbott, Mo.Sup., 265 S.W.2d 316, 318[1].

What we have said hereinbefore discloses there is no merit in the contention that the State failed to make a submissible case.

Our examination of matters of the record proper disclose no reversible error.

The judgment is affirmed.

WESTHUES and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

LEEDY, Acting P. J., and DEW and STONE, Special Judges, concur.