COMMONWEALTH *vs.* WARREN COPELAND. May 31, 1978. 1. The evidence at the close of the Commonwealth's case (see *Commonwealth* v. *Kelley*, 370 Mass. 147, 149-150 [1976]) was sufficient to warrant a finding that the defendant was guilty of the particular violation of G. L. c. 266, § 49, which was alleged in the complaint. See *Commonwealth* v. *Tivnon*, 8 Gray 375, 379-380 (1857); *Commonwealth* v. *Conlin*, 188 Mass. 282, 284 (1905); *Commonwealth* v. *Anderson*, 245 Mass. 177, 184-185 (1923); *Commonwealth* v. *Tilley*, 306 Mass. 412, 415-417 (1940); *Commonwealth* v. *Eppich*, 342 Mass. 487, 492, 493 (1961); *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 52 (1975). There is nothing to the contrary in *Commonwealth* v. *Armenia*, 4 Mass. App. Ct. 33, 38-39 (1976). 2. As there was no deterioration in the Commonwealth's case by the close of all the evidence (see *Commonwealth* v. *Kelley*, 370 Mass. at 150 n.1), no new question was presented by the renewal of the motion for a directed verdict at that time. 3. Nor was any new question raised by the further motion which was filed under G. L. c. 278, § 11, after the return of the verdict.

*Judgment affirmed.*

*Peter H. Rosenthal* for the defendant.
*Peter Knight*, Assistant District Attorney, for the Commonwealth.