### W. L. ESCAVAILLE v. J. W. STEPHENS, COMPTROLLER.

No. 1996. Decided June 9, 1909.

#### Criminal Procedure—Fees of District Clerk.

The district clerk, on change of venue in a felony case, is entitled to receive from the State the fees allowed by law for making transcript (Code Crim. Proc., art. 1086), for making not only the transcript of the orders made in the cause (Code Crim. Proc., art. 622), but the copy of the original papers therein (Code Crim. Proc., art. 623). The use of the term "transcript," in article 622, and "copy," in article 623, does not mark a distinction, the words meaning the same

thing; and the fees are payable at once, and not after final disposition of the case (Code Crim. Proc., art. 1088). (Pp. 515, 516.)

Original application to the Supreme Court for writ of mandamus against Stephens as Comptroller.

*White & Moses,* for relator.—The words "copy" and "transcript" being synonymous and having identically the same meaning, the clerk is entitled to ten cents for each one hundred words contained in the original papers, as well as for each one hundred words contained in the orders entered in the case whose venue is changed. Code Criminal Procedure, arts. 622, 623, 1086; 28 American & English Enc. of Law (2d ed.), 447; Buckman v. Whitney, 28 Cal., 557; Dilworth v. Curtis, 139 Ill., 282; Schermer v. People, 33 Ill., 282; Cavender v. Cavender, 3 McCrary, 384; Harrison v. Southern Porcelain Co., 10 S. C., 283; 8 Words and Phrases, sec. 7063; Harding v. Larkin, 41 Ill., 423; Bouvier's Law Dictionary, 436; Anderson's Law Dictionary, 257.

*R. V. Davidson,* Attorney-General, and *R. E. Crawford,* Assistant, for respondent.—It is submitted that article 622 defines a transcript in change of venue cases, and that when the Legislature provided, in amending article 1086, that the clerk should receive compensation for each transcript on change of venue, the Legislature had in mind the transcript as denominated in article 622.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

At its January term, 1909, two cases were pending on the docket of the District Court of Burnet County—one in favor of the State of Texas v. Cal Woodard, and the other in favor of the State of Texas v. E. W. Yardley—each being an indictment for murder. On the 23d day of January, 1909, the Honorable Clarence Martin, Judge of the Thirty-third Judicial District of Texas, then presiding over said court, ordered a change of venue in each of said causes to Llano County. Thereupon the relator, Escavaille, proceeded to make out a transcript of the orders made in said causes as required by article 622 of the Code of Criminal Procedure, and also copies of the papers in said causes as required by article 623 of the Code of Criminal Procedure. Upon the rendition of the service the relator made out his account therefor, charging for fees for making out the transcript mentioned in article 622 and also for copying the papers provided for in article 623; and presented the same to Judge Martin by whom it was properly approved. But upon presentation to the respondent as Comptroller of Public Accounts for allowance and warrant for payment it was disallowed by reason of the fact that it embraced charges for copying the original papers in such causes.

In so ruling we think the respondent was in error. Article 622 of the Code of Criminal Procedure reads as follows: "When an order for a change of venue has been made, the clerk of the court where the prosecution is pending shall make out a true transcript of all the orders made in the cause, and certify thereto under his official seal, and shall transmit the same, together with all the orig-

inal papers in the case, to the clerk of the court to which the venue has been changed." And the following is a copy of article 623: "The clerk shall also, in a change of venue, before transmitting the original papers, make a correct copy of the same, certifying thereto under his official seal, and retain such copy in his office, to be used in case the originals or any of them be lost." It is to be noted that article 622 requires "a true transcript of all the orders made in said cause," and article 623 requires the clerk to make a true copy of all the original papers in the case. We attach no importance to the fact that in the one article they use the word "transcript," and in the other the word "copy"—for they mean the same thing. Hence, when the Legislature requires a copy, it requires its transcript, and fees allowed for a transcript should be allowed for the copy.

It is also objected to the plaintiff's petition in that it does not show that the cases have been disposed of as required by subdivision 4 of article 1087 of the Code of Criminal Procedure. The answer to this contention is found in the next article, which contains this provision: "And all fees due district clerks for making transcripts on change of venue and on appeal shall be paid as soon as the service is performed, and the clerk's bill for such fees shall not be required to show that the case has been finally disposed of."

The writ of mandamus as prayed for is accordingly granted.

*Mandamus granted.*