## W. T. WILSON GRAIN CO. v. TOBIAN.
### (No. 675.)

(Court of Civil Appeals of Texas. Beaumont.
May 3, 1921. Rehearing Denied May 11,
1921.)

Appeal and error  ⬰78(4)—Order overruling
motion to strike case from docket is not a
final order and not appealable.

The overruling of a motion to strike a case
from the docket for plaintiff's abandonment of
the case by not sooner filing papers after
change of venue, and that a transcript of all
the proceedings had not been transmitted, is
not a final order from which an appeal will lie,
for there can be but one final judgment from
which an appeal may be taken in any cause
(Vernon's Sayles' Ann. Civ. St. 1914, art.
1997).

Appeal from Nacogdoches County Court;
J. M. Marshall, Judge.

Suit by Louis Tobian against the W. T.
Wilson Grain Company. Defendant's plea
of special privilege to be sued in the county
of its residence was sustained and transfer
ordered, and through delay in transmitting
the cause it was not set for trial in the court
to which transferred until the second term,
when defendant moved to strike on the
ground that plaintiff had abandoned the pros-
ecution and that a transcript of all the pro-
ceedings had not been transmitted, and from
the overruling of this motion the defendant
appeals. Appeal dismissed.

Harris & Harris, of Nacogdoches, for ap-
pellant.

Hodges & Greve, of Nacogdoches, for ap-
pellee.

HIGHTOWER, C. J. The appellee filed
this suit against appellant in the county
court at law No. 2 of Dallas county on Feb-
ruary 19, 1920. Service of citation was had
on appellant, a private corporation having
its domicile in Nacogdoches county. At the
March term following, appellant interposed
a plea of privilege to be sued in the county
of its domicile, which plea was not acted
upon at that term, but the cause was con-
tinued for that term of the Dallas court
without prejudice to the plea. At the May
term of the Dallas court, the plea of privilege
was heard and sustained, and the cause was
ordered transferred to the county court of
Nacogdoches county, in accordance with the
statute of this state. The plea was heard on
the 26th day of May, and the order of trans-
fer made on that date, but the clerk of the
Dallas court did not transmit the papers in
the cause to the Nacogdoches court in time
for the case to be placed on the docket of
the Nacogdoches court for the July term of
that court, which convened on the third Mon-
day in July after the order of transfer by
the Dallas court was made. The second
term of the Nacogdoches County court con-
vened, after the order of transfer was made,
in November, and a few days before the con-
vening of the November term of the Nacog-
doches court the papers and transcript in
this cause reached the clerk of the Nacog-
doches court, but appellant objected to the
papers being filed and the case being placed
upon the docket of the Nacogdoches court;
the objection being that appellee had aban-
doned the prosecution of the cause by rea-
son of his delay in having the case actually
transferred to the county court of Nacog-
doches county in time for the July term of
that court, following the order of transfer
made by the Dallas court. This objection
was overruled by the county court of Nacog-
doches county, and thereupon appellant filed
a motion to strike the case from the docket,
which was also based upon the ground that
appellant had abandoned the prosecution of
his suit by reason of his delay in having
the cause actually transferred, and also upon
the alleged ground that there was not con-
tained among the papers a transcript of all
the proceedings had in the cause while pend-
ing in the Dallas court. This motion was
also overruled, and to the action of the court
in both respects, that is, in overruling the
objection to placing the case on the docket
and in overruling the motion to strike it
from the docket, appellant gave notice of
appeal, and has attempted to bring the case
here for review by this court.

This is a sufficient statement of the facts
in connection with this matter to show that
this court is without authority to review
the action of the trial court complained of,
for the reason that the order appealed from
is in no sense a final order or judgment, and
therefore an appeal does not lie to this court.
There can be but one final judgment from
which an appeal would lie to this court in
any cause. Vernon's Statutes, art. 1997.
That the order attempted to be appealed
from in this case is not such a final order
or judgment as would give the right of ap-
peal to this court, see 8 Michie's Digest, p.
165, where the authorities touching the point
will be found collated.

The appeal is accordingly dismissed.

---

 ⬰For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes