## W. T. WILSON GRAIN CO. v. LOUIS TOBIAN & CO. (No. 772.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 1, 1923. Rehearing Denied Feb. 14, 1923.)

Evidence ☞83(6)—Venue ☞75—Clerk's certificate to order for change of venue held sufficient, without alleging there were no other orders; clerk presumed to do duty.

Under Complete Tex. St. art. 1833, or Vernon's Sayles' Ann. Civ. St. 1914, art. 1833, providing that, when a plea of privilege is sustained and order made changing venue to another county, the clerk shall make up transcript of "all the orders made in said case" certifying thereto and transmit the same, a certificate "that the above and foregoing is a true and correct copy of the judgment rendered in the above styled and numbered cause transferring said cause to the county court, of N. county," etc., was sufficient without reciting that the judgment sustaining the plea and the order of transfer as shown by the judgment were all the orders made before transfer, especially where it was not contended that other orders were made, the rule of strict compliance with the statute not requiring such recital as against the presumption that the clerk did his duty and transcribed all orders.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by Louis Tobian & Co. against the W. T. Wilson Grain Company. Judgment for plaintiff, and, after motion for new trial overruled, defendant appeals. Affirmed.

See, also, 230 S. W. 426.

Harris & Harris, of Nacogdoches, for appellant.

Hodges & Greve, of Nacogdoches, for appellee.

HIGHTOWER, C. J. Appellee, Louis Tobian & Co., filed this suit in one of the county courts at law of Dallas county against the appellant, W. T. Wilson Grain Company, praying a recovery of damages in the sum of $850, because of appellant's alleged breach of contract to receive and pay for 200 tons of prime loose cotton seed hulls, which appellant had agreed to buy from appellee at the price of $9 per ton, f. o. b. San Antonio or Beeville, Tex. It was alleged substantially, that the contract was in writing and was made September 4, 1919, and that it provided for the shipment of the seed during the month of January, 1920, according to shipping instructions to be furnished by appellant. It was alleged that this contract of sale and purchase was made subject to the rules of the Texas Cotton Seed Crushers' Association, and that the rights and liabilities of the parties in this transaction were to be governed by those rules, a copy of which was attached to appellee's petition. Appellee alleged that in due time, before shipment of the seed was to be made, it requested shipping instructions of appellant, and several times repeated such request, but that each time appellant failed and refused to comply with such request, and that finally appellant, on January 10, 1920, absolutely declined to furnish shipping instructions, and expressly refused to comply with its contract to take and pay for the seed. Appellee alleged that it then gave notice to appellant, under the rules of the Texas Cotton Seed Association, that it would resell the 200 tons of seed for the account of appellant, which it proceeded to do on January 15, 1920, and further alleged that the seed were sold for the highest market price at that time, which was $5 per ton, and that this was $4 per ton less than the contract price to appellant, making a loss to appellee in the aggregate of $800, to which was added 25 cents per ton as the brokerage charge for resale, as was fixed by the contract of the parties.

Appellant, claiming its domicile in the county of Nacogdoches, filed its plea of privilege to be sued in that county, and the plea of privilege being sustained by the Dallas court, the venue was ordered changed to the county court of Nacogdoches county. The plea of privilege was acted upon at the May term of the Dallas court, 1921, but the cause was not actually transferred and placed upon the docket of the county court of Nacogdoches county until the 10th of November, 1921, which was only a few days before the November term of the Nacogdoches county court convened. In the meantime, the July term of the county court of Nacogdoches county had convened and adjourned before the transcript and papers in the case had been forwarded by the clerk of the Dallas court to the clerk of the Nacogdoches county court, but the May term of the Dallas county court did not adjourn until about the middle of September, after the plea of privilege was sustained in May. After the cause was placed upon the docket of the Nacogdoches county court, appellant, W. T. Wilson Grain Company, filed a motion praying the court to strike the cause from the docket, on the ground that the prosecution of

the suit had been abandoned by the plaintiff, Tobian & Co. This motion was heard by the court and was overruled, and from that ruling appellant appealed to this court, which dismissed the appeal for want of jurisdiction. That proceeding will be found reported in 230 S. W. 426.

After its motion to strike the cause from the docket of the Nacogdoches court, appellant answered by a plea to the jurisdiction, by general demurrer, and several special exceptions, none of which are called in question here, by general denial, and by other special pleas, unnecessary to specifically mention. A jury was taken in the case, but at the conclusion of the evidence the lower court peremptorily instructed the jury to bring in a verdict in favor of the appellee, Louis Tobian & Co. for $850.

After its motion for new trial was overruled, the case was properly appealed to this court, and five propositions advanced in appellant's brief upon which reversal of the judgment is sought. As we construe the first four of appellant's propositions, they all raise practically the same legal question. It is insisted by appellant that its plea to the jurisdiction and its motion to strike the case from the docket should have been sustained, because the clerk of the Dallas court did not make a proper certificate showing the orders made by that court while the cause was pending there, and that, therefore, there was no proper transcript in the case from the clerk of the Dallas court showing the orders of that court sent to the clerk of the Nacogdoches court, as is by statute required, and that, therefore, the Nacogdoches court was in error in proceeding to take jurisdiction and try the cause in the absence of such certificate by the clerk of the Dallas court. We do not understand that it is appellant's contention, in its amended brief now before us, that the prosecution of the cause was abandoned by the appellee, as was its contention on the former appeal, and will not, therefore, further mention that matter, except to say that if we are mistaken in this, nevertheless, it is clear to this court that there was no abandonment of the suit by the appellee.

Article 1833, Complete Texas Statutes, or Vernon's Sayles' Ann. Civ. St. 1914, art. 1833, prescribes the duties of the clerk where a plea of privilege is interposed and sustained. The article reads as follows:

"Whenever a plea of privilege to the venue, to be sued in some other county than the county in which the suit is pending, shall be sustained, the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause; and the clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and transmit the same, with the original papers in the cause, to the clerk of the court to which the venue has been changed; provided, that nothing herein shall prevent an appeal from the judgment of the court sustaining a plea of privilege."

The only order made by the Dallas court, so far as shown by the certificate of the clerk of that court, was the judgment sustaining the plea of privilege filed by the appellant, Wilson Grain Company, in that court, and ordering that the venue be changed to the county court of Nacogdoches county, and directing the clerk to make up a transcript of the orders of that court and to certify thereto officially and to transmit the same, together with the original papers in the cause, to the clerk of the county court of Nacogdoches county. The clerk's certificate to this order and judgment of the Dallas court reads as follows:

"The State of Texas, County of Dallas.

"I, W. S. Skiles, clerk county court, Dallas county at law, No. 2, Dallas county, Texas, do hereby certify that the above and foregoing is a true and correct copy of the judgment rendered in the above styled and numbered cause transferring said cause to the county court of Nacogdoches county, Texas, as the same appears of record in volume 2, p. 433, Records of Civil Minutes of the County Court, Dallas County at Law, No. 2, Dallas County, Texas.

"Witness my hand and the official seal of said court this the 8th day of November, A. D. 1920.     W. S. Skiles, Clerk County Court, Dallas County at Law, No. 2, Dallas County, Texas. By H. G. Hight, Deputy.    [Seal.]"

It is appellant's contention, in effect, that this certificate is wholly defective for the reason that, as we construe the contention, it does not go far enough and show that the judgment sustaining the plea of privilege and the order of transfer, as shown by the judgment, were all the orders that were made in the cause while pending in the Dallas court. In other words, as we gather appellant's contention, it is that, in order to comply with the statute (article 1833), the clerk was not only required to certify that the judgment of the Dallas court sustaining the plea of privilege and the order of transfer therein contained were made by that court, but that he should also have certified as a fact that there were no other orders made in the cause by that court. We have been unable to agree with this contention of appellant, and think that appellant's contention goes further than the statute which we have quoted. True, the clerk might have let the certificate show that the judgment of the Dallas court and the order of transfer therein contained were the only orders of any character made by that court, or, in other words, that no other order of any kind or character than that shown by the certificate was made by the Dallas court, and such certificate would not have been improper, but to say that the statute required the clerk's certificate to show, not only such orders as were

made by the Dallas court, but, in addition, to show that there were no other orders than those shown made by that court, would be, in our opinion, requiring the clerk's certificate to go further than the language of the statute would seem to compel. It is not contended by appellant that there were, in fact, any orders made by the Dallas court which were not transcribed and shown by the clerk's certificate, but it is argued that there might have been other orders made, and that the clerk's certificate should show, as a fact, that there were no other orders made. It is argued by the able counsel for appellant that, while this statute is only one of procedure, yet it is a statute that ought to be strictly complied with, for the protection of parties litigant, where a plea of privilege is sustained, as in this instance. We recognize the force of this argument, and admit that there are supposable cases where the failure on the part of the clerk to let the transcript made by him show all the orders of the court from which the venue is changed might be the cause of denial of valuable rights to the parties litigant; but we take it that an instance of that kind would be rare, because, if an order made by the court of first jurisdiction should not accompany the transcript, it would be comparatively an easy matter for either party to the litigation to obtain a proper transcript of any such omitted order. But, as we have said before, it is not appellant's contention here that there was any other order than that shown by the clerk's certificate in this case, and we are asked to reverse this judgment and hold that the county court of Nacogdoches county acquired no jurisdiction of this cause, simply because the clerk's certificate fails to show, affirmatively, that no order was made by the Dallas court which is not found in the transcript, and we do not believe that we would be justified in so holding. Rather the presumption should prevail, according to the usual rule, that the officer, the clerk in this instance, did his duty and transcribed all the orders made by the Dallas court. The transcript, as made by the clerk, was accompanied by the original papers in the case, as shown by the undisputed proof upon the trial, all of which were forwarded by the clerk of the Dallas court to the clerk of the Nacogdoches court. For the reasons stated above, we overrule appellant's contention that the Nacogdoches county court was without jurisdiction to try this cause.

The only other contention of appellant is found in its fifth proposition, which is that the court was in error in instructing the jury peremptorily to bring in its verdict in favor of the appellee. The court did instruct the jury to let its verdict be in favor of appellee for $850. The undisputed proof upon the trial showed that appellant contracted in writing to buy the cotton seed in question from appellee at the price of $9 per ton, f. o. b. San Antonio or Beeville, Tex., which contract was made September 4, 1920, and delivery of the seed was to be made in January following. The undisputed proof further showed that on January 10th, after telegrams and letters had passed between the parties, in which appellee was requesting shipping instructions from appellant, appellant stated by wire, confirmed by letter, that it would not take the seed, and appellee thereafter sold the 200 tons of seed for the account of appellant at $5 per ton, which was the highest market price obtainable at that time, and that this was $4 less per ton than the contract price of the seed to appellant. Appellant's contention is, under this proposition, that there was a dispute in the evidence as to whether the contract of sale and purchase of these seed was made subject to the rules of the Texas Cotton Seed Crushers' Association, it being the contention of appellant that the transaction was not to be governed by the Texas Cotton Seed Crushers' Association rules, while appellee contended that it was to be so governed. We shall not undertake to detail the evidence found in this record bearing upon the issue as to whether the transaction was to be governed by the rules of the Texas Cotton Seed Crushers' Association, but have reached the conclusion from it all that no candid and reasonable mind could reach a conclusion other than that the parties agreed that this transaction was to be governed by the rules of the Texas Cotton Seed Crushers' Association. It is true, Mr. Penman, for appellant company, testified on the stand that there was no understanding at the time of making of the contract for the purchase of the seed that the transaction should be governed by the rules of the association mentioned, but the written correspondence, telegrams, letters of confirmation, etc., show conclusively that it was the intention at the time the contract was made that the Texas Cotton Seed Crushers' Association rules should govern, and we hold, therefore, that the court, in assuming that fact to be undisputed, was not in error, but was correct, and that the verdict and judgment in this case should stand.

The judgment as a whole is for $850, $800 being for the difference between the contract price to appellant and the price for which the seed were sold under the rules of said association, to which was added 25 cents per ton as brokerage on the resale, making $850 in all. This brokerage of 25 cents per ton was provided for by the contract between the parties.

We agree with learned counsel for appellant that, where there is a conflict or contradiction in the evidence on an issue of fact, a trial court may not properly assume to perform a province which belongs to the jury where a jury is demanded, but must submit

for their consideration all such controverted issues of fact; but what we hold in this case is that, taking the evidence as a whole, it is perfectly plain and conclusive that the parties made their contract in this case subject to the rules of the Texas Cotton Seed Crushers' Association, and under those rules the undisputed testimony further shows that appellant was liable to appellee to the full extent of the judgment recovered in this case.

The judgment is therefore affirmed.