## FAULK v. WHITE.
### No. 11580.

Court of Civil Appeals of Texas. Dallas.
Jan. 19, 1935.

Rehearing Denied Feb. 23, 1935.

Sullivan & Wilson and J. Lee Zumwalt, all of Dallas, for plaintiff in error.

Thompson, Knight, Baker & Harris, of Dallas, for defendant in error.

BOND, Justice.

This is an appeal from a judgment dismissing the cause for want of prosecution on defendant in error's motion, raising the question that in transferring the cause on a plea

of privilege from the district court of Wichita county, Tex., the clerk of that court did not "make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court and send it with the original papers in the cause to the clerk of the court to which the venue was changed." Article 2459, R. S. 1925.

The record reveals that the district court of Wichita county, Tex., sustained defendant in error's plea of privilege, made an order directing the cause to be transferred to the district court of Dallas county, and the clerk of that court to make up a transcript of all the orders made in the cause, certify thereto under the seal of the court, and send it with the original papers to the clerk of the court to which the venue was changed; that the clerk sent the order of the forwarding judge sustaining the plea of privilege, officially attested by the clerk, together with the original papers in the cause, to the clerk of the district court of Dallas county, but did not "make up a transcript of all the records * * *, certifying thereto under the seal of the court."

When a plea of privilege is sustained, it is incumbent on the plaintiff or party prosecuting the suit to cause the case to be transferred to the receiving court as early as conveniently practicable, or within a reasonable time, and to cause the filing in that court of a proper transcript as provided by article 2459, R. S. 1925. The transcript shall contain all orders and have attached thereto a certificate of the clerk under the seal of the court, and on the failure in doing that which is specifically required by the statute, the transfer of the cause cannot be said properly perfected. The proper certified transcript with the original papers, transmitted to the court where the cause was directed to be tried, are the necessary prerequisites for the receiving court to proceed with the trial of the cause. The filing merely of the original papers and a certified copy of the judge's order transferring the cause is not in compliance with the statute, and not sufficient to withstand a motion assailing the transfer on the failure to have in said court a proper transcript and to dismiss the cause for want of prosecution because of such failure. The plaintiff in error did not, in the court below, seek to have the record amended by the filing of an amended transcript showing the necessary prerequisites for the receiving court to proceed with the trial, if, indeed, it could have been so amended after the lapse of time. The plea

of privilege was sustained on January 9, 1932; the original papers in the cause and the order of transfer were filed in the district court of Dallas county on November 22, 1932. On November 28, 1932, the defendant filed a motion to dismiss, and the order of dismissal was entered on April 22, 1933. The plaintiff made no effort to amend the record by the filing of a proper transcript, and on his failure to do so, the action of the trial court, on motion of the defendant to dismiss the cause, was proper.

We see no reason to reverse this cause; plaintiff's assignments are overruled, and the judgment of the lower court affirmed.

Affirmed.