**PARKER et al. v. JOSKE BROS. CO.**

No. 10223.

Court of Civil Appeals of Texas. San Antonio.

Dec. 22, 1937.

Rehearing Denied March 3, 1938.

Wade & Wade, of Beeville, for appellants.

Emmett B. Cocke, of San Antonio, for appellee.

SMITH, Chief Justice.

This action was brought by Joske Bros. Company against Mary Parker and George Parker. It was instituted in Bexar coun-

ty court at law No. 2, and afterwards transferred on plea of privilege to the county court of Bee county, in which Joske Bros. Company recovered. The Parkers have appealed. The parties will be designated, as in the trial court, as plaintiff and defendants.

It is provided by statute that: "When a plea of privilege is sustained, the Court shall order the venue to be changed to the proper Court of the county having jurisdiction of the parties and the cause. The Clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the Court, and send it with the original papers in the cause to the Clerk of the Court to which the venue has been changed." Article 2020, R.S.1925, as amended, Acts 1933, 43d Leg., p. 546, ch. 177, Vernon's Ann.Civ.St.art. 2020.

Instead of making up and sending the transcript above prescribed, the clerk of the Bexar county court sent to the Bee county court, along with the original papers in the case, only a certified copy of the order sustaining defendant's plea of privilege and transferring the cause, which order included the provision that "the Clerk is directed to prepare a certified copy of this judgment as well as any other orders entered in the case and transfer same together with the original papers, to the County Clerk of Bee County, Texas, addressing same to Beeville, Texas."

Defendants filed in the Bee county court, and that court overruled, a motion to dismiss the cause, upon the ground that the mere sending of the certified copy of the order transferring the cause did not satisfy the statutory requirement that the clerk of the transferring court send a "transcript of all the orders made in said cause" in said court.

■■ We are of the opinion that the certified copy of the order of transfer did not of itself meet the statutory requirement of a transcript of "all orders made" in the case by the court of original jurisdiction, and that, when confronted with defendant's motion to dismiss, the burden fell at once upon plaintiff to forthwith procure a proper transcript, or suffer the penalty of having the cause dismissed upon his failure to meet that burden.

The question presented has been passed upon in only two cases reported in this state, so far as our investigation has disclosed. Faulk v. White, Tex.Civ.App., 79 S.W.2d 910; W. T. Wilson Grain Co. v. Tobain & Co., Tex.Civ.App., 247 S.W. 906. The holdings in those two cases are apparently in direct conflict, at least in principle. The certificate involved in those two cases is identical with that in question here. In the case last cited it was held that the certificate was sufficient in the absence of a showing that other orders than that certified were made in the court of the first instance. In the later case of Faulk v. White, supra, the court held that the certificate was insufficient, and affirmed a judgment of dismissal upon that ground. In the opinion in the latter case the court cites, as reference, article 2459, R.S.1925, which relates only to transcripts on appeal from justice of the peace courts to county courts, but the decision seems to rest, nevertheless, upon the provisions of the applicable statute, article 2020. In the later case, as in this, it does not appear that the complaining party contended in his motion to dismiss that the clerk did not certify all the orders made in the court of the first instance. The distinctions between the two cases cited are apparently, however, too slight to avert the conflict between them. We prefer to adopt the rule laid down in Faulk v. White, supra, and hold, in accordance therewith, that the purported transcript filed below is insufficient in its present form, as against the timely objection of defendants.

■■ It seems apparent, as a matter of course, that a correct certificate necessarily includes a recitation that the paper to which it is attached includes true and correct copies of all the orders made by the court from which the cause is transferred. We think it is incumbent upon the plaintiff in a transferred case to diligently prosecute his case by seeing to it that the transcript is prepared in compliance with the statute, or to promptly, upon notice, procure and substitute a correct transcript for a defective one already filed in the receiving court.

Omitting formal parts, plaintiff's trial petition was as follows:

"That heretofore and within the last two years, plaintiff has at the special instance and request of the defendants, sold and delivered to them sundry goods, wares and merchandise from its general department store in the City of San Antonio having a market value of many hundreds

of dollars, and on which account defendants have made certain payments, but leaving at this time an unpaid balance of $980.90, which amount not only represents the market value of the merchandise aforesaid at the times and the place where sold, but also represents the agreed amount due this plaintiff by the defendants for said merchandise.

"That according to the understanding and agreement between plaintiff and the defendants and according to the promise of the defendants, they were to make payments on said account every month and by such monthly installments liquidate same, and agreed both verbally and in writing to make such payments to the plaintiff at its store in San Antonio, Texas, but notwithstanding such promises and agreements and notwithstanding said account is long since past due and repeated demands have been made by the plaintiff of the defendants that they pay same, the defendants have failed and refused and still fail and refuse to pay said account to the damage of plaintiff in the sum of $980.90, with interest thereon from the date each purchase of merchandise was made."

█ Defendants urged a number of special exceptions to that petition, upon specific grounds, some of them being, in effect, that the petition did not show whether the suit was on a general account or upon some special agreement, or written agreement, and is "ambiguous, uncertain and not sufficient to show" the nature of the cause of action relied on; that it failed to show the items, or descriptions, dates, or amounts thereof, for which plaintiff sued. We are of the opinion that the special exceptions were well pleaded, and should have been sustained. It is recited in the judgment that, when the exceptions were presented to the court, plaintiff "tendered the defendants an itemized statement showing the articles of merchandise alleged by defendants to have been purchased from plaintiff within the last two years and sued for by plaintiff, whereupon said exceptions, general and special, were by the court overruled." We are of the opinion that the mere tender of said statement to defendants at that time was not sufficient to defeat the exceptions, which should have been sustained. It did not suffice to take the place of plainly defective pleadings, in the absence of an agreement to that end.

Because of the absence of a proper transcript from the Bexar county court to the Bee county court, and the insufficiency of plaintiff's pleading as against defendants' special exceptions, the judgment will be reversed and the cause remanded.