### O'QUINN et al. v. TATE.

### No. 6153.

Court of Civil Appeals of Texas.

March 29, 1945.

Rehearing Denied April 26, 1945.

■ 243

W. Clyde Hull, of Pittsburg, and Edwin M. Fulton, of Gilmer, for appellants.

Waldrop & Shaw, of Henderson, and Charles M. Winkle, of Pittsburg, for appellee.

HARVEY, Justice.

Appellants Patrick O'Quinn, Mrs. Gladys O'Quinn, his wife, and W. D. Watson bring this appeal from a judgment entered in the District Court of Camp County, Texas, suit No. 4203, Tate v. O'Quinn et al., foreclosing an abstract of judgment lien in favor of F. O. Tate, appellee, on 424 acres of land located in that county. The defenses set up were: (1) That the judgment lien was invalid and ineffective because the judgment upon which it was based in cause No. 4010, F. O. Tate v. Patrick O'Quinn, rendered in the same court in favor of F. O. Tate on September 9, 1939, and abstracted the same day was wholly void and without effect; (2) that the land upon which it was sought to impress the judgment lien was the separate property of Mrs. Gladys O'Quinn, a portion of which, 152½ acres, had been sold to W. D. Watson by her on October 22, 1940 (which it is to be noted, was more than a year after the judgment lien had been fixed by reason of its having been abstracted); and (3) that O'Quinn and wife were using a portion of the 424-acre tract as a homestead. The facts alleged as a basis for the invalidity of the judgment in cause No. 4010 were that the suit was originally filed in Rusk County; that

the defendant, Patrick O'Quinn, filed his plea of privilege to be sued in Camp County, the place of his residence, which plea was sustained by the court and the case ordered transferred to Camp County; that the district clerk of Rusk County failed to make a proper transcript of the proceedings in the case as provided by the statute in such situations and transmit it to the clerk of the District Court of Camp County. Trial was had to a jury, and upon their answers to special issues submitted to them by the court judgment was entered in favor of F. O. Tate, and the defendants in the suit below have perfected their appeal.

■ The trial court sustained an exception to the pleadings of the defendants that the judgment rendered in cause No. 4010 was void as well as an objection to the introduction by them of the judgment roll in said cause. Appellants bring before this court the contents of the transcript prepared by the clerk of the District Court of Rusk County and forwarded to the clerk of the District Court of Camp County in both their bill of exceptions No. 1 and in their motion for new trial, which transcript they say is fatally defective in that the provisions of Article 2020, R.C.S. of Texas, as amended by Acts 1933, c. 177, were not complied with by the district clerk of Rusk County. The Article referred to is as follows:

"Art. 2020.

"When a plea of privilege is sustained, the court shall order the venue to be changed to the proper court of the county having jurisdiction of the parties and the cause. The clerk shall make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of the court, and send it with the original papers in the cause to the clerk of the court to which the venue has been changed."

Appellants state in their bill and in their motion for new trial that only four instruments were in the judgment roll in cause No. 4010, listing them in their bill of exception as follows: plaintiff's original petition; the citation; the plea of privilege filed therein by Patrick O'Quinn; and a certified copy of the order of the court sustaining the plea of privilege and transferring the suit to Camp County. A fifth paper, the cost bill, was overlooked, it also being included in the transcript. While the clerk's certificate does not state that the copy of the order of transfer is the only

order filed in the case, still we are in agreement with the very logical opinion of Chief Justice Hightower of the Beaumont Court of Civil Appeals in the case of W. T. Wilson Grain Co. v. Louis Tobian & Co., Tex. Civ.App., 247 S.W. 906, relating to the certificate of the district clerk under provisions of Article 2020, in which it is stated that the clerk is presumed to have done his duty and included all the orders in the case, even though the certificate fails to recite that copies of all the orders in the case were included in the transcript. In the present case we have the fact established in the record that a certified copy of the judge's order and the three original papers in the case were transmitted by the clerk in Rusk County to the clerk in Camp County, which as appellants assert in their motion for new trial and in their bill of exception, are all the papers shown in the judgment roll in cause No. 4010. There is no contention made by appellants that there are other orders in Rusk County that were left out by the clerk of that court when he transmitted the record to Camp County. Since the words "transcript" and "copy" have the same meaning (Escavaille v. Stephens, 102 Tex. 514, 119 S.W. 842; Webster's International Dictionary), it is to be noted, following Chief Justice Hightower's reasoning, that the transmitting clerk literally complied with the statute which provides that he "shall make up a transcript of all the orders made in said cause * * * and send it with the original papers."

Appellants state that in this case they are making a direct attack on the judgment in case No. 4010. If so, it was incumbent upon them to plead and prove such facts as would render it so, which in our opinion was not done. The answer filed by appellants in the trial court evidences much study and ability in its preparation and in dealing with the issues involved herein. The court, however, sustained a special exception to the allegations with reference to the invalidity of the judgment and an objection to the introduction of the judgment roll in cause No. 4010 as hereinabove noted. Appellants' bill of exception No. 1 to these rulings of the court shows what the contents of such judgment roll are, but does not reflect that there were any other orders or instruments that were omitted therefrom. Had there been such a showing and had the stricken pleadings been amended so as to allege what orders or instruments, if any, had been omitted from the transcript, the judgment being under direct attack, appellants' position would have been bettered.

Appellants rely strongly on the cases of Faulk v. White, Tex.Civ.App., 79 S.W.2d 910, and Parker v. Joske Bros., Tex.Civ. App., 113 S.W.2d 989, to substantiate their point that the judgment in cause No. 4010 was void because the judgment roll therein shows that Article 2020 had not been complied with by the transmitting clerk. We are in accord with the wisdom of the holdings in the cases cited. In each of those cases, after the record had been transmitted to the proper court by the district clerk, a motion was made to dismiss the cause for want of prosecution. To quote the Faulk v. White case, supra [79 S.W.2d 911]: "On November 28, 1932, the defendant filed a motion to dismiss, and the order of dismissal was entered on April 22, 1933. The plaintiff made no effort to amend the record by the filing of a proper transcript, and on his failure to do so, the action of the trial court, on motion of the defendant to dismiss the cause, was proper."

To the same effect is the holding in Parker et al. v. Joske Bros. Co., in which it is said [113 S.W.2d 990]: "When confronted with defendant's motion to dismiss, the burden fell at once upon plaintiff to forthwith procure a proper transcript, or suffer the penalty of having the cause dismissed upon his failure to meet that burden."

In the present case, distinguishable from those above referred to in that it involves the validity of a judgment, in favor of which all reasonable presumptions must be indulged, and in which no motion to dismiss was made for want of prosecution or for lack of a proper transcript, the appellants are confronted with an insuperable obstacle, by reason of which the point hereinabove discussed assumes minor importance. Appellants say that no citation was served upon Patrick O'Quinn after his plea of privilege was sustained in Rusk County and the case transferred to Camp County, and therefore the court in Camp County did not have jurisdiction to try the case. This proposition of law has been settled adversely to their contention, and no rule has been decided more definitely than that the filing of a plea of privilege is an appearance in the case for all purposes. Spivey et al. v. Saner-Ragley Lumber Co. et al., Tex.Com.App., 284 S.W. 210. The latest pronouncement upon this point is by

the Supreme Court of Texas, in an opinion by Chief Justice Alexander handed down on March 7, 1945, in the case of Davis v. Battles, 186 S.W.2d 60. Further, the District Court of Camp County acquired jurisdiction of the case when the plea of privilege was sustained and the record filed in such court, and was authorized to render judgment without the issuance of further citation. Hickman v. Swain, 106 Tex. 431, 167 S.W. 209; National Union Fire Ins. Co. v. Littlejohn, Tex.Civ.App., 228 S.W. 595. The judgment in cause No. 4010 shows that the defendant was served by citation, appeared by attorney, and filed his plea of privilege. Upon the call of the docket in Camp County, the defendant having filed no pleadings other than the plea of privilege, judgment was rendered against him, which was a nihil dicit as distinguished from a default judgment. A judgment of this type, as stated in 25 Tex. Jur. page 420, Sec. 53: "* * * imports a waiver of all objections to the service and return of process, and of mere irregularities of form in stating the cause of action and incidental facts. It carries an admission of the cause of action substantially stated in the petition. Submission to such a judgment is an abandonment of every known defense or any defense which ordinary diligence could have disclosed. In other words, a party who permits a judgment nil dicit impliedly confesses judgment and waives all errors in pleading or proof, not fundamental or jurisdictional in character, except those which the record shows were not intended to be waived."

See also, Spivey v. Saner-Ragley Lumber Co., supra. Thus, by implication, the defendant having been in court at the time of the rendition of judgment in cause No. 4010, and no motion having been made by him to have a proper transcript sent up from the District Court of Rusk County, granting that the one on file was defective, any defects as might have existed were waived.

■ Appellant Patrick O'Quinn urges that he was entitled to present an issue of fraud to the jury on the basis of an allegation in his answer that his attorney who filed the plea of privilege for him told him that plaintiff's attorney told him that he would notify him (O'Quinn's attorney)

when the case was transferred to Camp County. There is no allegation that Tate's attorney told O'Quinn or his attorney about furnishing such information, and the trial judge properly sustained an exception to the allegation in question. Neither Tate nor his attorney under such pleading was charged with fraud. Negligence, mistake, or fraud of one's own attorney is not ground for the granting of a new trial. 25 Tex.Jur. page 614, Sec. 206.

■ With reference to the defenses of homestead and that the 424 acres of land was the separate property of Mrs. Gladys O'Quinn, though the court sustained exceptions to allegations in the answer of defendants putting these matters in issue, still the court permitted the parties to develop these defenses and submitted issues covering them to the jury, which were answered adversely to appellants, with support in the evidence. In following this procedure, the court corrected the errors, if any, in sustaining the exceptions in question.

■ An examination of the pleadings of appellant Patrick O'Quinn filed in the trial court seeking a new trial, as he states, "as in a bill of review", reveals that they allege the invalidity of the judgment, and other matters, but in nowise ask for a new trial, or state facts legally sufficient to exonerate him of negligence in not appearing for trial in cause No. 4010, or to show circumstances indicating that by the alleged acts of fraud, accident or conduct of the opposing party he was prevented from making a defense which was meritorious. We do not think that the petition brings him within the rule laid down in Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964, and in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, which state the conditions essential to entitle one to invoke the equitable powers of a court to grant a new trial.

All other assignments have been carefully considered and none presents an error sufficient to require a reversal of this case, and our conclusions above reached render a discussion of them unnecessary, and they are overruled.

The judgment of the trial court is affirmed.