NUMBER 13-03-116-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
JAMES HERMES,                                                                         Appellant,
v.
JACK LENIGAN AS INDEPENDENT EXECUTOR

OF THE ESTATE OF MARGARET ROSINA HERMES, Appellee.



On appeal from the County Court At Law No. 2
of Victoria County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Garza

                             Opinion by Chief Justice Valdez
           Appellant, James Hermes, appeals from the judgment of the trial court in favor of
appellee, Jack Lenigan, as Independent Executor of the Estate of Margaret Rosina
Hermes. Because we conclude that the trial judge did not abuse his discretion in denying
Hermes’s motion for judgment nihil dicit, we affirm the judgment.
Background
          Following the death of his mother Margaret, Lenigan filed an application for probate
of his mother’s estate. With his application, Lenigan submitted a document entitled Last
Will and Testament of Margaret Rosina Hermes, which was ostensibly signed by his
mother and properly witnessed. Hermes, husband of the deceased, responded by filing
a petition to cancel the purported will and counter-application for probate of another,
earlier-dated will. Hermes alleges that the will proffered by Lenigan is invalid and void
because Margaret’s signature had been forged. 
          While preparing for trial, Hermes and Lenigan entered into three rule 11
agreements, in which they agreed on the identity of expert witnesses, the scope of planned
depositions, and the limitation of contested issues for trial to the single issue of the
authenticity of the signature on the will. See Tex. R. Civ. P. 11. On the day set for trial,
Lenigan appeared and announced ready. Hermes appeared and, informing the court that
Lenigan had failed to file an answer, moved for judgment nihil dicit. In response, Lenigan
claimed that his failure to file an answer was due to a mistake, and he requested
permission at that time to file an answer, which the court granted. Lenigan’s answer was
filed that day. Counsel for Hermes requested a continuance, as he had not planned to go
to trial that day but had instead expected to be granted the judgment nihil dicit based on
the opposing party’s failure to file an answer. The court granted the continuance. 
          The trial was re-set and heard before a jury several months later. At the conclusion
of the trial, the jury was asked a single question: “Do you find from a preponderance of the
evidence that Margaret Rosina Hermes did not sign the will dated October 14, 1998?” The
jury unanimously answered “No,” and judgment was duly rendered against Hermes. For
purposes of maintaining this appeal, the case relating to the validity of the will was then
severed from the remaining probate matters involving the administration of Margaret’s
estate. 
Judgment Nihil Dicit
          On appeal, Hermes raises two issues: (1) the trial court abused its discretion in
failing to grant his motion for nihil dicit; and (2) the trial court abused its discretion in
granting Lenigan’s motion for leave to file an original answer on the day originally set for
trial.
          Nihil dicit literally means “he says nothing.” Black’s Law Dictionary 1067 (7th ed.
1999). A judgment nihil dicit is typically limited to situations where (1) the defendant has
entered some plea, usually of a dilatory nature, but such plea has not placed the merits of
the plaintiff’s case in issue, or (2) the defendant has placed the merits of the case in issue
by filing an answer, but such answer has been withdrawn. Sharif v. Par Tech, Inc., 135
S.W.3d 869, 872 (Tex. App.–Houston [1st Dist.] 2004, no pet.). A judgment nihil dicit is
similar to a no-answer default judgment in that, in both instances, it is said that the non-answering party has “admitted” the facts properly pled and the justice of his opponent’s
claims. Id. However, the judgment nihil dicit carries a stronger confession than a default
judgment, as it is an abandonment of every known defense or any defense which ordinary
diligence could have disclosed. Id. (citing O’Quinn v. Tate, 187 S.W.2d 241, 245 (Tex. Civ.
App.–Texarkana 1945, writ ref’d)).
          We note that the trial court allowed Lenigan to file an answer on the date originally
set for trial. Once this answer was filed and received, the trial court clearly could not have
granted a judgment nihil dicit, as there was a responsive pleading from the defendant
placing the merits of the plaintiff’s case in issue. See id. Therefore, the outcome of this
appeal must turn on the propriety of the trial court’s original decision to allow Lenigan to
file an answer on the day originally set for trial.
          The trial judge has discretion to control the scope of the proceedings before him,
in that he may grant trial amendments, see Tex. R. Civ. P. 66, postpone or continue
matters to minimize surprise when new issues are raised, see Tex. R. Civ. P. 66 & 70, or
order repleading in order to make pleadings substantially conform to the rules. See Tex.
R. Civ. P. 68; see generally Tex. R. Civ. P. 1 (allowing liberal construction of rules of
procedure). This discretion is granted to trial judges in order to ensure the primary purpose
of the rules of civil procedure is met: “obtain[ing] a just, fair, equitable and impartial
adjudication of the rights of litigants under established principles of substantive law.” See
Tex. R. Civ. P. 1. The purpose of the rules of civil procedure is not to create technical traps
for litigants or elevate form over substance, and courts should act to avoid gamesmanship
by the parties. See First Valley Bank of Los Fresnos v. Martin, 144 S.W.3d 466, 474 (Tex.
2004). 
          Rule 63 of the Texas Rules of Civil Procedure provides, in relevant part, as follows:
Parties may . . . respond to pleadings or filings of other parties . . . and file
such other pleas as they may desire by filing such pleas with the clerk at
such time as not to operate as a surprise to the opposite party; provided that
any pleadings offered for filing within seven days of the date of trial or
thereafter . . . shall be filed only after leave of the judge is obtained, which
leave shall be granted by the judge unless there is a showing that such filing
will operate as a surprise to the opposite party. 
 
Tex. R. Civ. P. 63. Courts have construed rule 63 liberally, so that in the absence of a
sufficient showing of surprise by the opposing party, the failure to obtain leave of court
when filing a late pleading can be cured by the trial court’s consideration of the amended
pleading. See Diesel Fuel Injection Serv. v. Gabourel, 893 S.W.2d 610, 611 (Tex.
App.–Corpus Christi 1994, no writ); see also 29 Gambling Devices v. State, 110 S.W.3d
146, 151 (Tex. App.–Amarillo 2003, no pet.). Leave of court to file the late answer is then
presumed to have been granted. See Gabourel, 893 S.W.2d at 611.
          The evidence in this case demonstrates that Hermes knew Lenigan was preparing
to go to trial on the date set and also knew the single issue that was going to be disputed
by Lenigan (i.e., the authenticity of Margaret’s signature on the will). Hermes had entered
into multiple rule 11 agreements referring to both the agreed scope of the litigation and the
trial date set. Therefore, Hermes could not legitimately claim that he was surprised or
confused when Lenigan, in accordance with his statements in the rule 11 agreements,
appeared and announced ready for trial on the date set and filed an answer with a general
denial of the allegations in the petition. We further note that Lenigan’s answer was a
general denial which did not stray from the agreed scope of the litigation or introduce any
new issues and, thus, should not have surprised or prejudiced the interests of Hermes. 
          Furthermore, the evidence shows that Lenigan reasonably believed, because
Hermes was opposing the probate of the will introduced by Lenigan, Hermes’s petition was
a responsive pleading to Lenigan’s probate application, and the filing of further pleadings
by Lenigan was unnecessary. See Tex. Prob. Code Ann. § 10 (Vernon 2003) (“Any
person interested in an estate may, at any time before any issue . . . is decided upon by
the court, file opposition thereto in writing and shall be entitled . . . to be heard upon such
opposition, as in other suits.”) (emphasis added). The case instituted by Hermes was
ultimately severed from the original suit involving the probate of the will and now proceeds
under section 93 of the probate code. See Tex. Prob. Code Ann. § 93 (Vernon 2003)
(“After a will has been admitted to probate, any interested person may institute suit in the
proper court to contest the validity thereof.”) (emphasis added). However, this severance
did not occur until after the trial had ended. Thus, Lenigan was not unreasonable in
mistakenly believing that the filing of an answer was unnecessary, and his immediate
admission of his mistake, coupled with his request to file an answer, is demonstrative of
his good faith as a litigant. We conclude that because Hermes could not legitimately claim
surprise under these particular circumstances, the trial court did not abuse its discretion
in allowing Lenigan to file an answer under rule 63. This course of action by the court
avoided gamesmanship and allowed the jury to reach and consider the substantive merits
of the case. See Martin, 144 S.W.3d at 474.
          Hermes also complains that Lenigan filed his answer before requesting and being
granted leave by the court to do so. The evidence before this Court only shows that leave
to file the answer was granted on the same day that the answer was filed. Nothing in the
record indicates which event occurred first. However, even assuming that the answer was
filed in the morning before leave to file was granted by the court, as Hermes indicates, we
do not find that the short time between the two events is significant. A trial court can be
presumed to have granted leave when it considers a late-filed answer even without ever
having expressly granted such leave. See Gabourel, 893 S.W.2d at 611. Here, a short
time after actually filing his late answer, Lenigan took the additional step of explicitly
requesting such leave. We may safely presume from this that the trial court properly
considered Lenigan’s answer despite its having been filed before leave to do so was
expressly granted, as the express decision of the court was not technically necessary for
the answer to have been admitted. Therefore, we conclude the trial court did not abuse
its discretion when allowing Lenigan to file his original answer. Furthermore, as this
answer was non-dilatory in nature and placed the merits of the plaintiff’s claims in issue,
the trial court also did not abuse its discretion in denying Hermes’s motion for judgment
nihil dicit. 
          We accordingly overrule Hermes’s two issues on appeal and affirm the judgment
of the trial court. 



                                                                                                                                
                                                                                      Rogelio Valdez,
                                                                                      Chief Justice

 

 Memorandum Opinion delivered and filed
this 27th day of January, 2005.